Submitted on record and briefs October 30, 1991, reversed and remanded May 13, reconsideration denied July 1, petition for review denied July 21, 1992 (313 Or 627)

Dallas SMITH,
*Appellant,*

*v.*

T. Leonard O'BYRNE,
*Respondent,*
*and*

Marianne DUVAL
and Harold Duval,
*Defendants.*

(9012-07674; CA A70036)

831 P2d 709

Fred B. Miller, Portland, filed the briefs for appellant.

T. Leonard O'Byrne, Portland, filed the brief *pro se*.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Plaintiff brought this creditor's action to satisfy a judgment that he obtained against O'Byrne in 1987. He appeals a judgment dismissing his claim on the ground that an Oregon court could not exercise jurisdiction over O'Byrne, a California resident. We reverse and remand.

■ In determining whether O'Byrne is subject to the jurisdiction of an Oregon court, we look to the allegations of plaintiff's complaint and O'Byrne's affidavit. *State ex rel Advanced Dictating v. Dale*, 269 Or 242, 246, 524 P2d 1404 (1974).

O'Byrne had provided legal services as an attorney for the Duvals. As part of their fee arrangement, the Duvals granted O'Byrne a 10% interest in the net proceeds of federal mining claim patents that they held in Douglas County, Oregon. In 1987, plaintiff obtained a judgment in an unrelated matter for $216,184 against O'Byrne in Multnomah County Circuit Court. By that time, O'Byrne had moved to California, and plaintiff sought to enforce his Oregon judgment there. The California court ordered O'Byrne to assign a portion of his right to the mining claim proceeds to plaintiff. Under the terms of the assignment, O'Byrne retained his right to receive the income stream from his interest in the mining claims once the judgment had been satisfied. It also expressly provided that plaintiff retained the right to seek any other available remedy to satisfy the judgment. Plaintiff notified the Duvals of the assignment, but has never received any payment from them. Plaintiff filed this action, seeking an order directing the Multnomah County Sheriff to sell O'Byrne's remaining rights in the mining claims.

O'Byrne filed a motion to dismiss on the ground that an Oregon court could not exercise jurisdiction over him. ORCP 21A(2). In his affidavit in support of that motion, he stated:

"I moved to California on or about November 24, 1986. * * * I have not had any significant contact with the State of Oregon since early 1987. I have not conducted any business in Oregon since early 1987 and the only contacts, other than telephone calls, I have had with Oregon since early 1987, have been three brief visits, the last of which was over one and a half years ago."

O'Byrne had consented to jurisdiction in the action that gave rise to the judgment. He apparently concedes that he was subject to personal jurisdiction in Oregon as recently as "early 1987," but argues that personal jurisdiction somehow dissipated between that time and December, 1990, when plaintiff filed this action. The issue is whether a valid judgment by an Oregon court provides a basis for personal jurisdiction over O'Byrne in this action to satisfy that judgment.[1]

■      An Oregon court has jurisdiction over a person in

"any action where the prosecution of the action against [the] defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." ORCP 4L.

Thus, personal jurisdiction in Oregon is limited only by the Due Process Clause of the Fourteenth Amendment. *State ex rel Jones v. Crookham*, 296 Or 735, 742, 681 P2d 103 (1984) (Linde, J., concurring); *State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 384, 657 P2d 211 (1982).

Due process requires that defendant have certain minimum contacts with this state, so that he has fair warning that he may be subject to jurisdiction here. *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 105 S Ct 2174, 85 L Ed 2d 528 (1985). If a controversy arises from a defendant's contacts with Oregon, then

"a 'relationship among the defendant, the forum, and the litigation' [arises, which] is the essential foundation of [personal] jurisdiction." *Helicopteros Nacionales de Colombia v. Hall*, 466 US 408, 414, 104 S Ct 1868, 80 L Ed 2d 404 (1984) (quoting *Shaffer v. Heitner*, 433 US 186, 204, 97 S Ct 2569, 53 L Ed 2d 683 (1977)).

Regardless of the facts that gave rise to the initial action between plaintiff and O'Byrne, the immediate controversy arises directly from plaintiff's unsatisfied Oregon judgment against O'Byrne. That judgment gave O'Byrne fair warning that plaintiff would try to enforce it in Oregon. Defendant has

---

[1] In *North Pacific v. Guarisco*, 293 Or 341, 356 n 12, 647 P2d 920 (1982), the court anticipated that this issue would eventually arise. It noted:

"We express no opinion as to whether jurisdiction would have been proper if * * * the basis for the present suit had been a judgment originally obtained here."

not been unexpectedly haled into a forum in which he "has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz, supra,* 471 US at 472 (quoting *International Shoe Co. v. Washington,* 326 US 310, 319, 66 S Ct 154, 90 L Ed 95 (1945)).

O'Byrne argues that this action "is a new, separate and distinct lawsuit" that requires an independent basis for personal jurisdiction. In *North Pacific v. Guarisco, supra* n 1, the plaintiff had obtained a Louisiana judgment against several defendants. The judgment went unsatisfied, and the plaintiff filed a creditor's bill against the defendants in Multnomah County Circuit Court. In holding that the defendants' contacts with Oregon were insufficient to subject them to jurisdiction in this state, the Supreme Court reasoned:

> "North Pacific's present suit is an effort to obtain satisfaction of a Louisiana judgment. * * * The fact that the contracting took place in this state, indeed even the fact that there was a contract, is no longer relevant in this creditor's bill suit. North Pacific's claim for relief is not based upon the contract, but rather upon a foreign judgment * * *. [The defendants'] contacts with this state, relevant as they may have been to a breach of contract action here, are simply not relevant to this creditor's bill suit seeking to obtain satisfaction of a foreign judgment." 293 Or at 355.

That decision establishes that the focal point for determining personal jurisdiction in a collection action is the situs of the underlying action. That conclusion is a direct consequence of the fact that an action on a judgment is, in effect, a continuation of the underlying action. *North Pacific v. Guarisco, supra* n 1, 293 Or at 357 (Peterson, J., concurring) (citing *Pierce v. United States,* 255 US 398, 41 S Ct 365, 65 L Ed 697 (1920)). A valid judgment against a nonresident in an Oregon court establishes a nexus between that person and this state that is sufficient to allow an Oregon court to exercise jurisdiction over that person to enforce the judgment.

O'Byrne correctly observes that his right to the mining claim proceeds is personal property, not real property located in Oregon. He argues that Oregon courts lack the authority to compel the sale of that right, because his personal property is now in California. Once an Oregon court

entered a valid judgment against him, he could not escape responsibility by darting off to another jurisdiction. O'Byrne has no constitutional right to require plaintiff to chase him from jurisdiction to jurisdiction in order to satisfy the judgment that he lawfully obtained here.

Reversed and remanded.