Argued and submitted June 15, 1992, affirmed March 17, reconsideration denied
May 12, petition for review denied June 22, 1993 (317 Or 162)

# MANAGEMENT RECRUITERS
# OF PORTLAND, INC.,
## *Appellant,*

*v.*

# HAROLD MOORE & ASSOCIATES, INC.,
## *Respondent.*

## (9102-00830; CA A71223)

848 P2d 644

R.P. Joe Smith, Portland, argued the cause for appellant. On the briefs were Kenneth B. Woodrich, Portland, and Michael Rode, Associate Counsel, Cleveland, Ohio.

Scott D. Truesdell, Portland, argued the cause for respondent. With him on the brief were Barbee B. Lyon and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff brought this action for breach of contract. The trial court granted defendant's motion to dismiss for lack of personal jurisdiction. ORCP 21A(2). We affirm.

■■ Plaintiff bears the burden of alleging and proving facts sufficient to establish personal jurisdiction. *Showalter v. Edwards and Associates, Inc.*, 112 Or App 472, 476, 831 P2d 58, *rev den* 314 Or 391 (1992). Despite plaintiff's assertions to the contrary, in determining whether defendant is subject to the jurisdiction of an Oregon court, the trial court looks to the pleadings and the affidavits of both parties. ORCP 21A provides, in part:

> "If, on a motion to dismiss asserting [lack of personal jurisdiction] * * * the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense * * *."

*See Smith v. O'Byrne*, 113 Or App 128, 831 P2d 709, *rev den* 313 Or 627 (1992). Here, the trial court had before it the pleadings and affidavits. We assume that the trial court found facts consistent with its judgment. *See St. Paul Fire and Marine Ins. v. Valley Ins.*, 93 Or App 457, 459, 762 P2d 1048 (1988).

Plaintiff is an executive recruiting service that refers candidates to employers and charges the employer a fee for each candidate who is hired. Plaintiff is located in Portland, Oregon, but does business nationwide. Defendant is a general contractor doing business only in Tennessee. Plaintiff's employee, Stanfill, telephoned defendant's president, Landers, seeking to place a job seeker, Raymer, in a vacant supervisory position. The parties' affidavits dispute the contents of the phone call. Stanfill claims that defendant agreed to pay a contingency fee if it hired Raymer. Defendant said that Landers told Stanfill that it never hired through agencies and did not want to interview Raymer. Landers refused a second phone call from Stanfill.

Within a few days of the first phone call, Stanfill mailed defendant a document entitled "Fee Policy Agreement," which included a statement that:

"Your acceptance of referrals from us shall be conclusive evidence of your acceptance of our schedule of charges, terms and conditions. * * * You consent to the jurisdiction of the courts of the State of Oregon, and agree that its laws shall govern our relationship."[1]

Approximately one week later, Raymer went to Landers' office. Landers told Raymer that defendant did not hire through agencies and would not consider him.

More than a week after Raymer's visit, Landers received a second offer in the mail. This offer was identical to the first, except that it did not include a forum selection clause. Landers returned the second offer to plaintiff with a letter stating that defendant would not pay any fees, that plaintiff's calls and Raymer's visit were unsolicited and unwelcome, and that plaintiff should not contact defendant. The letter also suggested that Raymer be placed with another firm.

Raymer contacted defendant 6 weeks later, said that he had no contractual relationship with plaintiff, and asked for a job. A week later defendant hired him. Plaintiff demanded the fee specified in the fee policy agreement but defendant refused to pay.

Plaintiff filed suit in Oregon. Defendant moved to dismiss on the ground that the court had no personal jurisdiction over it. The motion was accompanied by Landers' affidavits, his letter to plaintiff and a copy of the second written offer. Plaintiff responded and filed Stanfill's affidavit, a copy of an interview confirmation slip sent by plaintiff and the first and second offers.

Plaintiff argues that the court erred by not exercising personal jurisdiction over defendant pursuant to ORCP 4A(5), ORCP 4E(1), ORCP 4E(2), and ORCP 4L. ORCP 4A(5) extends personal jurisdiction to any defendant who has

---

[1] Although titled "Fee Policy Agreement," the document is really an offer. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it." *Restatement (Second) Contracts* § 24 (1979).

expressly consented to appear before the court. Plaintiff alleges that defendant consented to appear in Oregon when it hired Raymer and became bound by the forum selection clause which appears in the first offer.

■    The parties dispute the existence of a contract, but the trial court made no findings about whether a contract was formed. Regardless of whether there was a contract, defendant could not have agreed to the forum selection clause in the first offer. Before defendant allegedly became bound to pay for plaintiff's services, the first offer was revoked by a second offer, which did not contain a forum selection clause. Although no Oregon cases discuss the situation, it is a basic principle of contract law that a new offer revokes a prior offer. *See* 1 Corbin, *Contracts* § 40 (1963); *Restatement (Second) Contracts* § 39(1), *comment a* at 106 (1979). If, as plaintiff alleges, defendant accepted its offer when it hired Raymer, the offer that it accepted did not include a forum selection clause. Therefore, defendant did not expressly consent to appear before an Oregon court and ORCP 4A(5) does not apply.

■    Plaintiff next contends that the trial court erred by not exercising personal jurisdiction over defendant pursuant to ORCP 4E(1) and (2), which provide that the court has jurisdiction over a party in any proceeding that

"(1)   arises out of a promise made anywhere to the plaintiff * * * by the defendant * * * to pay for services to be performed in this state by the plaintiff; or

"(2)   arises out of services * * * actually performed in this state for the defendant by the plaintiff within this state, if such performance was authorized or ratified by the defendant."

Stanfill said in her affidavit that defendant promised to comply with the fee policy agreement if defendant hired a candidate referred to it by plaintiff. If that is true, ORCP 4E(1) or 4E(2) would apply. However, in his affidavit, Landers states that he told plaintiff he would not pay a fee and that he discouraged plaintiff from recommending candidates. We assume, based on trial court's refusal to exercise jurisdiction, that it did not believe Stanfill. *See St. Paul Fire and Marine Ins. v. Valley Ins., supra,* 93 Or App at 459.

■ Plaintiff also argues that the court should have exercised personal jurisdiction over defendant pursuant to ORCP 4L. ORCP 4L is designed to stretch the limits of personal jurisdiction as far as due process permits. *Smith v. O'Byrne, supra,* 113 Or App at 131. Federal due process standards demand that the defendant have had "minimum contacts" with the forum state before the exercise of personal jurisdiction, because that represents "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945). Minimum contacts must include an act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 US 235, 253, 78 S Ct 1228, 2 L Ed 2d 1283 (1958). "Generally, the defendant must initiate the contacts that establish the basis for the forum state's exercise of jurisdiction; the unilateral act of another party is not constitutionally significant." *Johnson v. Peacock Lumber Co.,* 95 Or App 710, 713, 770 P2d 960 (1989). The fact that a defendant is not a firm that does interstate business weighs against finding jurisdiction. *Neptune Microfloc v. First Florida Utilities,* 261 Or 494, 497, 495 P2d 263 (1972).

Rather than purposefully availing itself of the privilege of conducting business in Oregon, defendant attempted to avoid forming a relationship with an Oregon corporation by refusing a call from Stanfill and sending her a letter disclaiming any interest in plaintiff's services. Defendant did not initiate contact with plaintiff. On these facts, an Oregon court's assertion of personal jurisdiction over defendant would not comport with fair play and substantial justice.

Affirmed.