Argued and submitted December 5, 1995, reversed and remanded for further
proceedings August 28, 1996

In the Matter of the Estate of
Pats Splane, Deceased.

Roger WESLEY,
Personal Representative of the
Estate of Pats Splane, Deceased,
*Appellant,*

*v.*

SOCIETY NATIONAL BANK,
Trustee of the Mary E. Baldwin Trust,
Philip Bonsal, Dudley Bonsal,
Suzanne Coe and Kathleen Wesley,
*Respondents.*

(93-P-00315; CA A82372)

922 P2d 1260

Kim L. Jordan argued the cause for appellant. With him on the briefs were John E. (Jack) Davis and Myrick, Seagraves, Adams & Davis.

Frank C. Rote, III, argued the cause for respondent Society National Bank. On the brief were Daniel F. Hughes and Brown, Hughes, Bird, Lane & Rote.

No appearance by respondents Phillip Bonsal, Dudley Bonsal, Suzanne Coe and Kathleen Wesley.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this probate case, the personal representative of decedent's Oregon estate appeals from a supplemental judgment dismissing his motion to preserve the assets of an Ohio trust that is part of the estate. The personal representative sought an order requiring the trustee to reimburse trust funds that it had paid to attorneys for the trust and to prohibit the trustee from spending any future amounts of trust funds. We reverse and remand.

In 1922, Mary Baldwin, a resident of the state of Ohio, executed a trust agreement giving decedent, Pats Splane, a power of appointment over certain assets held in the Baldwin trust, in Ohio. Splane died in Oregon. Her will did not expressly refer to the power of appointment but contained a general residuary clause. The personal representative then filed a petition seeking a declaration that the general residuary clause was a valid exercise of the power of appointment and that the trust assets be declared part of the estate.

The trustee, Society National Bank of Ohio (Bank), voluntarily appeared in Oregon and challenged the personal representative's petition. Although Bank styled its appearance as a special appearance, it did not limit its challenge to jurisdiction but challenged the merits of the petition. The trial court held that it had jurisdiction and entered judgment in favor of the estate. That judgment provided, in part:

"1.

"Decedent Pats Splane has, in her Last Will and Testament on file herein validly exercised the testamentary power of appointment granted to her under the [terms of the trust] * * *.

"2.

"The assets subject to such power of appointment * * * are hereby declared to be part of the Estate of Pats Splane, and [Bank], Trustee under the [trust], is hereby ordered to disburse such funds to Petitioner Roger Wesley as Personal

Representative of the Estate of Pats Splane, for inclusion in the inventory of assets of the Pats Splane Estate.

"3.

"At such time as distribution occurs in the Pats Splane Estate, the Personal Representative shall distribute such assets equally to [decedent's residuary beneficiaries] in accordance with decedent's will."

Bank appealed. The personal representative moved to dismiss the appeal for lack of standing on the ground that the parties aggrieved by the judgment were the default beneficiaries named in the trust, not the trust itself. Bank opposed the motion on the ground that the trial court had erred in deciding that the power of appointment had been properly exercised. We granted the personal representative's motion to dismiss Bank's appeal and Bank did not seek reconsideration or further review.

After the trial court entered its judgment and while Bank's appeal was pending, Bank paid its attorney's fees in the estate litigation, using funds from the trust. The personal representative then initiated this proceeding and moved that the court direct Bank to reimburse the trust for that money and that it prohibit Bank from any future appropriation of funds from the trust, which the court's judgment had directed Bank to disburse to the personal representative. Bank responded by moving that the court dismiss the personal representative's motion on two grounds: first, under ORCP 21 A(1), Bank argued that the probate court lacked jurisdiction over the Ohio trust, and second, under ORCP 21 A(6), the personal representative was not the real party in interest. Again, Bank styled its presence in the proceedings as a special appearance.[1] A different judge heard the matter and granted Bank's motion on both grounds and entered a supplemental judgment to that effect.

■ The personal representative appeals from the supplemental judgment. In essence, he argues that the trial

---

[1] Oregon procedural rules have not provided for a special appearance since the Oregon Rules of Civil Procedure became effective in 1980. The commentary to ORCP 21 states that "[t]his rule eliminates the concept of special appearance and motions to quash."

court's first judgment and the dismissal of Bank's appeal resolved, against Bank, all of the arguments that Bank now raises about jurisdiction and the real party in interest. We agree.

The original judgment determined that the residuary clause constituted a proper exercise of the power of appointment and ordered that the trustee disburse the trust assets to the estate. We dismissed Bank's appeal, which challenged that ruling. Bank raises arguments here that were or could have been made in the first proceeding. Those arguments come too late because they were resolved against Bank, as a matter of law, in the previous judgment. When we dismissed Bank's appeal from that judgment, its ability to challenge that judgment ended.[2] The first judgment directing disbursal of the trust assets to the personal representative was effective when the court entered the supplemental judgment regarding attorney fees. *Ron Tonkin Gran Turismo v. Wakehouse Motors*, 46 Or App 199, 207, 611 P2d 658, *rev den* 289 Or 373 (1980).

■    On this appeal, Bank argues that it made only a special appearance in the probate proceedings and that its contacts with the state did not rise to the requisite minimum for the court to exercise personal jurisdiction. That question is also foreclosed. Bank voluntarily appeared below, requested affirmative relief and is a party to a valid final judgment over it and the trust assets. As a result, both Bank and the trust assets are subject to the court's exercise of jurisdiction as a matter of law. *Smith v. O'Byrne*, 113 Or App 128, 132-33, 831 P2d 709, *rev den* 313 Or 627 (1992). By virtue of the first judgment, the trial court had jurisdiction over Bank and the trust assets and it erred in concluding otherwise.[3]

---

[2] Bank also contends on this appeal that only the beneficiaries of the trust, not the personal representative, are the real parties in interest. Whether or not it is correct in that argument is beside the point here. Bank is a party to a final judgment that ordered it to distribute the trust assets in a specific way. It cannot now argue that it is not bound by the judgment because it could have challenged plaintiff's authority to bring this action in a representative capacity for the real parties in interest.

[3] We do not decide what law governs the distribution of the trust assets or how that distribution is to be made.

Reversed and remanded for proceedings not inconsistent with this opinion.