Argued and submitted March 27, reversed and remanded in part; otherwise affirmed December 24, 1996, respondent Mac Air Corp.'s petition for reconsideration filed January 7 allowed by opinion April 30, 1997
See 147 Or App 714, _____ P2d _____ (1997)

Tommie C. WHITE, Jr.,
*Appellant,*

*v.*

MAC AIR CORP.,
a corporation;
John Britting; Boyer Propeller Service, Inc.,
a corporation; and Robert E. Boyer,
*Respondents.*

(9502-00969; CA A89541)

929 P2d 1077

Lloyd B. Ericsson argued the cause for appellant. With him on the briefs was Ericsson & Egan.

Jacob Tanzer argued the cause for respondents Mac Air Corp. and John Britting. With him on the brief were Phillip E. Joseph and Ball, Janik & Novack.

No appearance for respondents Boyer Propeller Service, Inc., and Robert E. Boyer.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment dismissing his complaint for a lack of personal jurisdiction over Mac Air Corporation, a Kansas corporation.[1] We reverse in part and remand.

■    Plaintiff has the burden of alleging and proving facts necessary to establish personal jurisdiction over defendant. *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 153, 854 P2d 461 (1993). In making findings as to the existence of those facts, the trial court may base its determination on the allegations in the pleadings and the evidence submitted by both parties. *Management Recruiters v. Harold Moore & Assoc.*, 118 Or App 614, 616, 848 P2d 644, *rev den* 317 Or 162 (1993). When we review a dismissal for lack of personal jurisdiction, we assume the truth of all well-pleaded allegations and any facts that could be presented to prove them. *Sutherland v. Brennan*, 131 Or App 25, 28, 883 P2d 1318 (1994), *affirmed on other grounds* 321 Or 520, 901 P2d 240 (1995). We construe the pleadings and evidence liberally to find jurisdiction, *Sunrise Express v. Rhett Votaw & Co.*, 118 Or App 722, 724, 848 P2d 1255 (1993), but assume that the court resolved all factual disputes consistent with its decision to dismiss the claim. *Management Recruiters*, 118 Or App at 616.[2]

■■    Before conducting our review, we must determine what documents properly bear on the jurisdictional issue. Mac Air argues that the only jurisdictional facts properly in the record are those contained in an affidavit of its president,

---

[1] Plaintiff also assigns error to the dismissal for lack of personal jurisdiction of claims against Mac Air's president, John Britting, Boyer Propeller Service, Inc., and its president, Robert E. Boyer. However, plaintiff did not present any argument on appeal about the dismissal of those parties. Furthermore, his complaint and declarations under penalty of perjury do not contain any jurisdictional facts about them. Therefore, the only issue we consider is whether the court erred in dismissing plaintiff's claim against Mac Air.

[2] In resolving a motion to dismiss for lack of personal jurisdiction, the court can make credibility decisions to resolve factual disputes. *Sutherland*, 131 Or App at 33.

John Britting, that accompanied its motion to dismiss. It contends that we should ignore the facts contained in declarations under penalty of perjury[3] submitted by plaintiff[4] and his attorney, because the trial court excluded the declarations and plaintiff has not assigned error to the exclusion.

■    We disagree with Mac Air's assertion that the trial court excluded the declarations. The trial court did not explicitly do that and, in ruling on Mac Air's motion, the court referred to facts that are found only in plaintiff's declaration.[5] Thus, we conclude that the trial court considered the facts in the declarations in reaching its decision. Because defendant did not object below to consideration of those facts, we decline to consider its objection here. *See Finney v. Bransom*, 143 Or App 154, 158-59 n 4, 924 P2d 319 (1996) (summary judgment reversed because a genuine issue of material fact was created by arguably inadmissable hearsay evidence; defendant failed to object to evidence at trial court, so it was considered on appeal); *Mains v. II Morrow, Inc.*, 128 Or App 625, 633 n 2, 877 P2d 88 (1994). Therefore, the declarations are part of the evidentiary record before us and we will consider the facts in them in reviewing the trial court's decision to dismiss the case.

The affidavit submitted by Mac Air states the following facts. Mac Air is a Kansas corporation. It advertised an airplane in *Trade-A-Plane* magazine, which is published in

---

[3] A declaration under penalty of perjury is an "unsworn statement subscribed to by the person making it and certified or declared to be true under penalty of perjury." 3 *Am Jur 2d* 463 (1986). It is commonly used in federal practice in lieu of an affidavit, *see, e.g.*, US Dist Ct Or R 220-2(b), but it is not an accepted part of Oregon procedure and there is no legal authority for it.

[4] The declaration by plaintiff in the record is unsigned.

[5] After discussing the distinction between an affidavit and a declaration, the court had the following exchange with plaintiff's counsel:

"THE COURT:    But it appears to me that what the contract allows for is an inspection to occur. That inspection occurred in Kansas. That is, your client traveled to Kansas and inspected the airplane. Then when the airplane was returned to Oregon, something occurred and the plane was inspected once again. Is that correct?

"PLAINTIFF'S COUNSEL: Yes."

Neither plaintiff's complaint nor defendant's affidavit states that the airplane was returned to Oregon and inspected again. That fact is found only in plaintiff's declaration.

Tennessee and distributed worldwide. Plaintiff called Mac Air about the plane, later traveled to Kansas to inspect it and returned to Kansas to retrieve it. The exhibits attached to the affidavit establish that the parties engaged in long-distance communications about the purchase, but the affidavit asserts that plaintiff signed the purchase agreement in Kansas.

In his declaration, plaintiff states that he is an Oregon resident who has a subscription to *Trade-A-Plane* magazine. He saw the Mac Air advertisement in the magazine and called Mac Air to ask about the airplane. In response, Mac Air sent plaintiff information about the plane, including specific representations about its condition. Plaintiff asserts that the parties exchanged phone calls before he went to Kansas to inspect the plane. He says that he did not purchase the plane then but only negotiated with Mac Air about the proposed purchase terms, including his specific condition that the plane's propellers be overhauled. After more long-distance negotiations, plaintiff asserts that he signed the purchase agreement in Oregon. Finally, he traveled from Oregon to Kansas to pick up the airplane. He inspected the plane on his return to Oregon and discovered that the propellers were not airworthy. He asserts that he suffered injury in Oregon to property, the airplane, and, consequently, to himself, because he is a commercial pilot and could not use the plane in revenue-producing work.

On appeal, plaintiff argues that the court has personal jurisdiction over defendants under ORCP 4 C, 4 D and 4 L. We first must consider whether the court has jurisdiction under ORCP 4 C or 4 D, *see State ex rel Michelin v. Wells*, 294 Or 296, 299, 657 P2d 207 (1982), before turning to ORCP 4 L, the "catchall" provision. *State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 384, 657 P2d 211 (1982).

We conclude that neither ORCP 4 C nor 4 D confers jurisdiction in this case.[6] Under ORCP 4 D, the claimed injury must occur in Oregon. Under ORCP 4 C, the location of

---

[6] ORCP 4 provides in relevant part:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"* * * * *

the claimed injury is irrelevant, but the injury must arise from an act or omission in Oregon. Here, plaintiff alleges that Mac Air warranted that the airplane was airworthy, but it was not airworthy because the propellers had not been overhauled. His claim for breach of contract arose in Kansas the moment he took possession of the allegedly defective airplane. Because " '[a]n injury occurs at the time that the claim accrues,' " *Marvel v. Pennington GMC, Inc.*, 98 Or App 612, 616, 780 P2d 760 (1989) (citation omitted), plaintiff's injury occurred in Kansas.[7] The omission out of which the alleged injury arose, Mac Air's failure to deliver an airworthy airplane, also occurred in Kansas. Because both the alleged injury and the omission that caused it occurred in Kansas, neither ORCP 4 C nor 4 D confers personal jurisdiction over Mac Air in this case.

**10.** Because neither of the specific provisions of ORCP 4 cited by plaintiff confers jurisdiction, we turn to ORCP 4 L. ORCP 4 L provides for personal jurisdiction over a defendant

"in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

ORCP 4 L has been interpreted to extend the jurisdiction of Oregon courts over out-of-state defendants as far as due process permits. *Smith v. O'Byrne*, 113 Or App 128, 131, 831 P2d 709, *rev den* 313 Or 627 (1992). In *Circus Circus*, 317 Or at 159, the Supreme Court summarized the test to determine

---

"**C Local act or omission.** In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

"**D Local injury; foreign act.** In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either

"D(1) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"D(2) Products, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

[7] Plaintiff's damages for breach of warranty continued to accrue after he returned to Oregon with the plane, but the injury out of which the damages arose occurred in Kansas.

"whether an extension of jurisdiction over an out-of-state defendant comports with due process":

> "First, the defendant must have 'minimum contacts' with the forum state. 'Minimum contacts' will be found where the defendant has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities. *Burger King Corp. v. Rudzewicz*, [471 US 462, 472, 105 S Ct 2174, 85 L Ed 2d 528 (1985)]. Second, even if minimum contacts exist, the exercise of jurisdiction must be reasonable; in the light of the various factors deemed relevant by the Court, the exercise of jurisdiction must comport with 'fair play and substantial justice.' *Id.* at 476-77."

Applying that test here, we hold that ORCP 4 L confers jurisdiction over Mac Air.

Plaintiff presented facts that demonstrate that Mac Air purposefully directed its activities at plaintiff, a resident of Oregon, and that the litigation relates to those activities. Mac Air advertised the airplane in a magazine that was distributed worldwide. It intended its advertisement to entice someone into purchasing the airplane. The advertisement reached Oregon and convinced plaintiff to respond to it. Once plaintiff responded, Mac Air took affirmative steps to sell the plane to him. It sent him information about the plane, called him in Oregon about it, and eventually sold it to him, knowing that he was returning to Oregon with it. Through those actions, Mac Air purposefully directed its activities at a resident of Oregon.

The litigation relates directly to Mac Air's contacts with plaintiff. Plaintiff alleges that Mac Air expressly warranted that the airplane was airworthy but that it was not because the propellers had not been overhauled. Thus, plaintiff alleged a breach of the contract that caused plaintiff damage. That contract was the subject of Mac Air's contacts with Oregon. We conclude that Mac Air purposefully directed its activities toward an Oregon resident, which established minimum contacts with Oregon, and that the claim at issue relates directly to those contacts. Therefore, the first part of the jurisdictional test is met.

The second part of the test is closely related to the nature of the contacts defendant has with the state. As the Supreme Court said in *Hydraulic Servocontrols*, 294 Or at 387:

"It is the defendant's contacts with the forum state which make it reasonable for that state to extend the territorial limits of its power and exercise jurisdiction. One way to judge that reasonableness is by the foreseeability of suit in the forum state. By 'foreseeability' the [United States] Supreme Court does not refer to the mobility of the chattel and thus the expectation of its use in the forum state. What is relevant for due process is the foreseeability of being haled into the forum state's courts, and it is 'the defendant's conduct and connection with the forum state,' [*World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 297, 100 S Ct 559, 62 L Ed 2d 490 (1980)], that provides that expectation rather than any 'unilateral activity' of a plaintiff. 444 US at 298."

In this case, Mac Air's activities made it foreseeable that it would be haled into an Oregon court to litigate a claim arising from them. Mac Air reached beyond the borders of its state for a buyer of its plane. It chose to negotiate with and enter into a contract to sell the plane to an Oregon resident who responded to its marketing effort. It knew that the plane would be, at least initially, in Oregon. It allegedly warranted that the plane would be in an airworthy condition. A warranty anticipates a continuing relationship because, if the warranty is breached, the buyer will have a claim against the seller. Thus, it was foreseeable to Mac Air that it would be haled into an Oregon court to defend itself against a claim related to its contract with plaintiff.

We also conclude that it is reasonable to exercise personal jurisdiction over Mac Air.[8] Not only was the litigation foreseeable, but the airplane in question is located in Oregon and consequences of the alleged breach occurred in Oregon. Moreover, Mac Air purposefully reached beyond the borders of its state to deal with an Oregon resident. As the

---

[8] If Mac Air wanted to ensure that it would not have to defend itself in an Oregon action by plaintiff, it could have negotiated to include a choice-of-forum clause in the ·contract to require all contract-related claims to be brought in Kansas.

United States Supreme Court said in *Burger King Corp. v. Rudzewicz*, 471 US 462, 473, 105 S Ct 2174, 85 L Ed 2d 528 (1985):

> "[W]ith respect to interstate contractual obligations, we have emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities."

(Citations omitted.) Here, Mac Air sought to gain economically from soliciting a contract with an Oregon resident and, as a result, opened itself to litigation in Oregon arising out of that contract.

We hold that ORCP 4 L provides personal jurisdiction over Mac Air.

Reversed and remanded on claim against Mac Air Corporation; otherwise affirmed.