On respondent Mac Air Corp.'s petition for reconsideration filed January 7, reconsideration allowed; former opinion (145 Or App 459, 929 P2d 1077 (1996)) withdrawn; affirmed April 30, petition for review denied September 23, 1997 (326 Or 59)

Tommie C. WHITE, Jr.,
*Appellant,*

*v.*

MAC AIR CORP.,
a corporation;
John Britting;
Boyer Propeller Service, Inc.,
a corporation;
and Robert E. Boyer,
*Respondents.*

(9502-00969; CA A89541)

938 P2d 241

Jacob Tanzer, Phillip E. Joseph and Ball Janik LLP for petition.

Lloyd B. Ericsson and Ericsson & Egan, *contra*.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant Mac Air Corp. moves for reconsideration of our decision in *White v. Mac Air Corp.*, 145 Or App 459, 929 P2d 1077 (1996), in which we held that an Oregon court could assert jurisdiction over it to litigate plaintiff's claim for breach of an express warranty in the sale of an airplane. Mac Air contends that we erred in concluding that it had failed to object to consideration of information contained in a declaration that plaintiff had filed in opposition to Mac Air's motion to dismiss. We allow the motion, withdraw our opinion and affirm the trial court's dismissal of plaintiff's complaint for lack of personal jurisdiction.

In our opinion, we concluded that the trial court had considered facts contained in plaintiff's declaration in reaching its decision to dismiss. On reconsideration, we conclude that we erred in reaching that conclusion.

At the hearing on Mac Air's motion, the trial court raised *sua sponte* the issue whether plaintiff's declaration had any evidentiary effect. The court and counsel had the following colloquy on that issue:

"MR. ERICSSON: [Plaintiff's] declaration says at Page 2, 'In Oregon, I performed the right of inspection provided in the contract (Item 15) to verify the promise of work including (Item 2), overhaul props, had been properly performed.'

"THE COURT: Where are you reading from[?]

"MR. ERICSSON: Top of page 2, the declaration of White, which is attached to our response.

"THE COURT: Yes. Here it is. What's a declaration?

"MR. ERICSSON: It is the same thing as an affidavit. The original court copy had apparently made it to you.

"THE COURT: Is it notarized?

"MR. ERICSSON: No, it is not.

"THE COURT: Then it is not an affidavit. It is a statement.

"MR. ERICSSON: *I think that a declaration under penalty of perjury is the same thing as an affidavit legally, Your Honor.*

"THE COURT: *Well, I don't know.* I have never seen one. This is the first. I usually see affidavits with notarized signatures.

"* * * * *

"THE COURT: * * * Well, I have affidavits from the defendants which say that this inspection occurred in Kansas. *As far as the declaration that you submitted, you would have to tell me or cite to me some authority that the declaration, which the signature is not notarized, has the same effect as an affidavit.*

"MR. ERICSSON: *I can't cite that authority off the top of my head.*

"THE COURT: *Unless you agree with that, it is not an issue in my mind.*

"DEFENDANT'S COUNSEL: *I can't agree to that, Your Honor.*

"THE COURT: But it appears to me that what the contract allows for is an inspection to occur. That inspection occurred in Kansas. That is, [plaintiff] traveled to Kansas and inspected the airplane. Then when the airplane was returned to Oregon, something occurred and the plane was inspected once again. Is that correct?

"MR. ERICSSON: Yes.

"THE COURT: In that case, I am going to grant the defendant's motion to dismiss. I don't think that the contacts with Oregon are significant enough to subject the defendants to personal jurisdiction."

(Emphasis supplied.)

In reexamining that colloquy, we conclude that the court excluded the information in the declaration. At that point in the hearing, the court was trying to determine where an inspection of the plane had occurred. Mac Air's affidavit said that it had occurred in Kansas. Plaintiff's declaration said that it had occurred in Oregon. The court asked plaintiff's counsel for authority for the proposition that the declaration had the same effect as an affidavit, but he could not

give the court any. The court then said to Mac Air's counsel, "Unless you agree with *that, it* is not an issue in my mind." (Emphasis supplied.) We read that statement to mean that, unless Mac Air's attorney agreed that a declaration has the same legal effect as an affidavit, then the location of the inspection was not an issue for the court because the court would not consider the facts in plaintiff's declaration. Given that reading, when Mac Air's attorney said "I can't agree to that, Your Honor," the court proceeded to exclude the information in the declaration from its consideration.

■■ The court's subsequent reference to facts found only in the declaration does not contradict that understanding of the colloquy. Rather, read in context, we conclude that the court simply stated its opinion that, even if it had considered the information in the declaration, Mac Air's contacts with Oregon still would not be sufficient to assert personal jurisdiction over it. Therefore, we agree with Mac Air that we erred when we considered the facts in plaintiff's declaration in reaching our decision. The declaration was not competent to establish facts relevant to the motion to dismiss, *see White*, 145 Or App at 462 n 3, and Mac Air was not required to object to its consideration in order to raise that issue on appeal, because the trial court had excluded it.

■■ Considering only the facts in plaintiff's complaint and in Mac Air's affidavit, we turn to the trial court's decision to dismiss plaintiff's complaint against Mac Air for lack of personal jurisdiction. Plaintiff asserts that the court has jurisdiction over Mac Air under ORCP 4 C, 4 D and 4 L. We incorporate and adopt our discussion from our original opinion in which we concluded that ORCP 4 C and 4 D do not confer jurisdiction over Mac Air in this case. *White*, 145 Or App at 463-64. We reject our prior conclusion that ORCP 4 L does.

As we stated in our original opinion, ORCP 4 L extends the jurisdiction of Oregon courts over out-of-state defendants as far as due process permits. *Smith v. O'Byrne*, 113 Or App 128, 131, 831 P2d 709, *rev den* 313 Or 627 (1992). The Supreme Court has articulated a two-part test to determine "whether an exercise of jurisdiction over an out-of-state defendant comports with due process." *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 159, 854 P2d 461

(1993). First, "the defendant must have 'minimum contacts' with the forum state." Second, "even if minimum contacts exist, the exercise of jurisdiction must be reasonable[.]" *Id*. We conclude that defendant does not have minimum contacts with Oregon.

> " 'Minimum contacts' will be found where the defendant has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities."

*Id*. (emphasis in original; citation omitted). There is no evidence in the current record to support our prior conclusion that plaintiff's claim arose from activities that defendant "purposefully directed" at plaintiff in Oregon. According to Mac Air's affidavit, Mac Air is a Kansas corporation that "does not regularly transact business in the state of Oregon." It advertised an airplane in *Trade-A-Plane* magazine, which is published in Tennessee and distributed worldwide. Plaintiff called Mac Air about the airplane, later traveled to Kansas to inspect it and returned to Kansas to retrieve it. Other than an allegation in plaintiff's complaint that Mac Air was aware that plaintiff was an Oregon resident, which is supported by an exhibit attached to Mac Air's affidavit, there is no evidence that Mac Air "purposefully directed" its activities at an Oregon resident. Mac Air's knowledge that it was dealing with an Oregon resident is insufficient by itself to establish the necessary contact between Mac Air and Oregon.[1]

In fact, Mac Air's contacts with Oregon are equivalent to those of the defendant in *Circus Circus*, 317 Or at 154. There, the defendant directed various communications to the plaintiff in Oregon that ultimately led the plaintiff to travel to Nevada to stay at the defendant's hotel, at which he was injured due to the defendant's alleged negligence. *Id*. The plaintiff filed an Oregon action against the defendant for negligence. *Id*. at 153. The Supreme Court held that an Oregon

---

[1] Plaintiff's assertion that defendant's affidavit is "sufficient" to support our prior conclusion that "[o]nce plaintiff responded [to the advertisement], Mac Air took affirmative steps to sell the plane to him" in Oregon is not well taken. There is nothing in the affidavit that supports plaintiff's contention that Mac Air "sent him information about the plane, called him in Oregon about it and eventually sold it to him, knowing that he was returning to Oregon with it."

court could not assert personal jurisdiction over the defendant to litigate that claim. *Id.* at 161. Although the defendant's Oregon contacts had led the plaintiff to travel to Nevada, where he was injured, his negligence claim arose from events that had occurred in Nevada. *Id.* Nothing relevant to the claim had occurred in Oregon.

According to the record, that is true of plaintiff's claim for breach of warranty against Mac Air as well. Mac Air's advertisement in *Trade-A-Plane* led plaintiff to go to Kansas to purchase the airplane from Mac Air. Although Mac Air's advertisement is the reason that plaintiff went to Kansas to purchase the airplane, no actions by Mac Air relating to the purchase contract on which plaintiff sued had any connection with Oregon.

■ Plaintiff has the burden to allege and prove facts necessary to establish personal jurisdiction over defendant. *Circus Circus*, 317 Or at 153. On the record before us, plaintiff did not satisfy that burden. Therefore, we affirm the trial court's dismissal of plaintiff's complaint for lack of personal jurisdiction.[2]

Reconsideration allowed; opinion withdrawn; affirmed.

---

[2] We also reaffirm our prior conclusion that the trial court properly dismissed plaintiff's claims against the other defendants in this case for lack of personal jurisdiction. *White*, 145 Or App at 461 n 1.