Argued and submitted October 16, 1998, vacated and remanded December 22, 1999

## JOSEPHINE COUNTY,
*Respondent,*

*v.*

## 1983 CHEVROLET PU
## OREGON LICENSE NUMBER ULY 616,
Motorola Phone, Cidco Caller ID Box,
Damon Patrick Howard,
*Defendants,*

*and*

Kellie FOSTER,
*Appellant.*

(95-0708-C; CA A96807)

992 P2d 947

Gia L. Cincone, appearing *pro hac vice*, argued the cause for appellant. With her on the briefs were Stoel Rives LLP and Legal Strategies Group, Emeryville, California.

Eli D. Stutsman filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

---

* Kistler, J., *vice* Warren, P. J., retired.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant Kellie Foster (defendant) appeals from the trial court's refusal to grant relief from a judgment forfeiting her interest in a pickup truck to which she has legal title. The grounds for the forfeiture appear to arise from the use of the truck in Oregon by defendant's former boyfriend after the relationship had ended and defendant had moved to California. We remand for the trial court to rule on defendant's motion for relief from the judgment of forfeiture.

Because of the procedural history of the case, the issues that we can decide at this point are limited. Defendant's former boyfriend was arrested in October 1995, and the truck was seized at that time. On November 8, the Josephine County Sheriff's office notified defendant of the seizure by certified mail. The notice included a statement that defendant could assert a claim to the truck by submitting a writing signed under penalty of perjury within 21 days of service of the notice. Section 6(3) of Oregon Laws 1989, chapter 791, which governed forfeiture proceedings,[1] provided that a "claim shall be signed by the claimant under penalty of perjury" and had to be submitted within 21 days of notice of the seizure for forfeiture; the statute expressly forbade extensions of time for filing a claim.

On November 29, after having talked with plaintiff's forfeiture counsel, defendant sent plaintiff a declaration in which she stated that she was the rightful owner of the truck and requested its immediate return.[2] The declaration was not an affidavit, nor was it otherwise sworn. Rather, at the end defendant stated, "I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct." On November 30, plaintiff's forfeiture

---

[1] Oregon Laws 1989, chapter 791, was originally a temporary act that was to be repealed as of December 31, 1997. It is now a permanent statute and has become part of ORS chapter 475A. All references to, or quotations from, the act include amendments to it that were in effect at the time of the relevant events.

[2] Plaintiff received the declaration on November 30. It took the position that the last day on which defendant could file a claim was December 4, apparently because that was 21 days after November 13, when she actually received the notice of forfeiture.

counsel sent defendant a letter informing her that the declaration was inadequate as a claim because it was not notarized and stating that defendant had 21 days from November 13, when she received the notice of forfeiture, to file a proper claim. Defendant mailed plaintiff another declaration, dated December 5,[3] again stating that it was given under penalties of perjury under California law. That declaration was also not sworn but included an acknowledgment before a notary.

On December 6, the court signed an order and judgment forfeiting the rights of all persons, other than defendant, in the truck. Plaintiff took the position that defendant's November 29 declaration was not a claim because it was not sworn and apparently treated her December 5 statement as untimely.[4] It therefore moved on December 20 that the court enter a judgment forfeiting her rights in the truck. Plaintiff sent defendant copies of the motion and related papers, but defendant did not appear in opposition to the motion. The court therefore granted the motion by default and signed an order and judgment on January 3, 1996, forfeiting those rights. On January 8, the clerk's office entered the December 6 and January 3 documents as orders, not as judgments.

On January 3, 1997, defendant moved under ORCP 71 for relief from the judgment that both she and plaintiff believed the court had entered a year earlier. She asserted that plaintiff's forfeiture counsel had misled her into believing that her November 29 declaration was invalid as a claim and that, because of that misrepresentation, she had not resisted the motion for entry of judgment. The trial court denied the motion for relief, primarily on the ground that defendant had slept on her rights by waiting until a year after the judgment to file the motion. Defendant moved for reconsideration of that order based on new declarations[5] in which she explained the reasons that she had not filed the motion earlier. By the time that the court denied the motion

---

[3] It appears from her subsequent affidavit that claimant may actually have mailed that claim on December 6.

[4] In its December 20 motion, plaintiff referred to the November 29 declaration but not to that of December 5.

[5] The declarations included statements that they were made under penalty of perjury and contained notarized acknowledgments, but they were not under oath or affirmation and, thus, were not affidavits. *See* ORS 45.020.

for reconsideration, defendant had already appealed the original order denying the motion for relief.

After receiving the appeal, we determined that there was not an appealable judgment, because the trial court had entered the January 3, 1996, order and judgment in its docket as an order, not as a judgment. We therefore entered an order granting the trial court leave to enter a judgment. As part of that order we ruled that "[a]ppellant may not appeal from the judgment, but may again move for relief from judgment under ORCP 71 and file a new notice of appeal from the trial court's order denying that motion." We held the appeal in abeyance pending the filing of a new notice of appeal from an order denying relief from the judgment. The trial court entered judgment on June 4, 1997; shortly thereafter, defendant filed a motion for relief from the judgment. She again filed declarations, purportedly under penalty of perjury, that were unsworn but that she acknowledged before a notary.

The motion for relief from the June 4 judgment was assigned to a different judge from the one who had ruled on the original motions. That judge refused to sign an order related to the renewed motion on the ground that the original judge had already disposed of the issue. We treated that refusal as a denial of the motion for purposes of our jurisdiction and accepted defendant's amended notice of appeal, which she filed shortly after the trial court clerk entered the court's refusal to rule into the record.

■　　The issue on appeal is whether the trial court abused its discretion in denying the motion for relief from the judgment. Deciding that question requires us first to decide which trial court action effectively denied the motion for relief. Because there was no judgment when defendant filed the January 3, 1996, motion or when the trial court ruled on it, that motion was premature. The order denying the motion cannot, therefore, be the dispositive order. The same is true of the order denying the motion for reconsideration of the first order; in addition, the court decided that motion after defendant had filed her notice of appeal. The only motion for relief that was directed to an actual judgment was the motion

that defendant made after the trial court had entered judgment in compliance with our order. The trial court's refusal to rule on that motion, despite our instruction to it to do so, was error. We must, therefore, vacate the implicit denial of the motion and remand for a new decision in which the trial court, based on the record as a whole, will first determine whether defendant's motion satisfies the requirements of ORCP 71 B and, if the motion does, will then exercise its discretion to allow or deny it.

■ Because it will certainly arise on remand, we discuss an issue that is at the heart of defendant's substantive arguments: whether her November 29 declaration constituted a claim under the statute. That question turns on whether the declaration complied with the statutory requirement that it be made under penalty of perjury. Defendant argues that the declaration did constitute a claim, because she expressly stated that she made it under penalty of perjury, and that plaintiff's forfeiture counsel intentionally misrepresented the situation by telling defendant that the declaration was inadequate. The problem with that argument is that Oregon law, unlike that of some other jurisdictions, does not recognize unsworn declarations made under the penalty of perjury. Quite simply, whatever a declaration may say, it is *not* made under penalty of perjury unless it is sworn or affirmed before a person authorized to take oaths and affirmations.

Under ORS 162.065(1), a person commits the crime of perjury "if the person makes a false *sworn* statement in regard to a material issue, knowing it to be false." (Emphasis added.) A sworn statement is one "knowingly given under any form of oath or affirmation attesting to the truth of what is stated." ORS 162.055(4). Administering an oath or affirmation, or taking a verification upon oath or affirmation, is a notarial act, ORS 194.505(3), not something that a person can do alone. Thus, a person who makes a materially false unsworn declaration, even one that purports to be made under penalty of perjury, is not guilty of *perjury* under Oregon law.[6]

---

[6] In some circumstances the person could be guilty of unsworn falsification, but not perjury. *See* ORS 162.085

Our conclusion is consistent with our statement in *White v. Mac Air Corp.*, 147 Or App 714, 938 P2d 241, *rev den* 326 Or 59 (1997), that an unsworn declaration under penalty of perjury is not competent to establish relevant facts in civil litigation in Oregon. Defendant's declaration, thus, would not subject her to the penalties of perjury under Oregon law and, to that extent, would not satisfy the statutory requirement for a claim. There remains a question of whether defendant's declaration would subject her to the penalties of perjury under California law and, if so, whether that fact would satisfy the statutory requirements for a claim.[7] That is an issue that the trial court may consider on remand as part of evaluating the entire case in preparation for making its decision on the motion for relief.

Vacated and remanded.

---

[7] Whatever the status of the declaration under California law, the fact that the declaration did not subject defendant to the penalty of perjury under Oregon law is, of course, relevant to whether plaintiff's forfeiture counsel engaged in intentional misrepresentations.