Argued and submitted October 18, 1993, reversed and remanded in part; otherwise
affirmed March 30, 1994

Fred BOYER,
Phil Brandt, Genevieve Bishop,
Rosalind Luehrs, A. Delbert Miller,
J.E. Herberger, Luther Squires and Marjorie Jones,
*Appellants,*

*v.*

INTERSTATE PRODUCTION
CREDIT ASSOCIATION,
Interstate Federal Land Bank Association,
Federal Intermediate Credit Bank of Spokane,
Spokane Bank of Cooperatives,
Farm Credit Corporation of America,
Eastern Idaho Production Credit Association,
Federal Land Bank of Spokane, Joyce L. Johnson,
Roger Calhoun, Will Merrill, Steve Hauschild,
Ray Konen and Dwight Osborne,
*Respondents.*

(91C-12325; CA A78168)

872 P2d 23

Kim E. Hoyt argued the cause for appellants. With her on the briefs were William D. Brandt and Ferder, Ogdahl, Brandt & Casebeer.

James M. Kalamon argued the cause for respondents, except respondent Eastern Idaho Production Credit Association. With him on the brief were Chase, Haskell, Hayes & Kalamon, Eric Yandell and Heltzel, Uphohn, Williams, Yandell & Pearsall.

Eric Yandell argued the cause for respondent Eastern Idaho Production Credit Association. With him on the brief was Heltzel, Upjohn, Williams, Yandell & Pearsall.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

RIGGS, J.

**RIGGS, J.**

Plaintiffs appeal from a final order dismissing their claims for lack of personal jurisdiction. ORCP 21A(2). We affirm in part and reverse in part.

Production credit associations are federally chartered, privately owned corporations that loan money to farmers. *See* 12 USC § 2091 (1971). Together with land banks and intermediate credit banks, they make up the farm credit system. Plaintiffs Boyer, Brandt, Herberger, Luehrs, Jones and Miller retired from Oregon-based production credit associations. Plaintiff Bishop worked for a Washington-based production credit association. Plaintiff Squires worked for an Idaho-based production credit association.

Defendants are the plan administrator, trustees and participating employers of the Twelfth Farm Credit District Retirement Plan and Trust (Plan). The plan is exempt from the Employee Retirement Income Security Act (ERISA).[1] As a multi-employer plan, the Plan is funded by several different "participating employers" whose votes are required for cost-of-living increases and changes to the Plan document. From what we can glean from the incomplete and sometimes confused presentation of facts, only two of the participating employers, Interstate Production Credit Association (IPCA), and Interstate Federal Land Bank Association (IFLBA), conduct business in Oregon. None of the institutional defendants were organized under Oregon law, and none of the individual defendants are Oregon residents.

Under the terms of the Plan, each year the trustees must decide whether to recommend a cost-of-living increase in retirement benefits. If the trustees recommend an increase, the increase is put to a vote by the participating employers.

Plaintiffs filed a complaint alleging breach of fiduciary duty, breach of contract, and tortious breach of the duty of good faith and fair dealing. They also requested an accounting and a surcharge. The complaint stemmed from the Plan's

---

[1] The retirement plans of government "instrumentalities" are exempt from ERISA. 29 USC § 1321(b)(2) (1974).

failure to provide a cost-of-living increase for 10 years. Defendants made a special appearance and moved to dismiss for lack of personal jurisdiction. The parties submitted affidavits. The court made no specific findings when it granted the motion.

■■ Plaintiffs have the burden of alleging and proving facts sufficient to establish jurisdiction. *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980). They may not rest on conclusory allegations. *State ex rel Michelin v. Wells*, 294 Or 296, 301, 657 P2d 207 (1982). We construe pleadings and affidavits liberally in support of jurisdiction. 294 Or at 301.

Plaintiffs plead these jurisdictional facts:

"Plaintiffs * * * are participants * * * receiving benefits from the [Plan]. Plaintiffs Boyer and Luehrs are residents of Marion County, Oregon. Plaintiffs Brandt and Miller are residents of Polk County, Oregon. Plaintiff Herberger is a resident of Washington County, Oregon. Plaintiff Bishop is a resident of Multnomah County, Oregon. Plaintiffs, except Plaintiff Bishop, performed services * * * in the State of Oregon for Production Credit Associations which were consolidated in defendant IPCA on October 1, 1985.

"* * * * *

"[D]efendants have delivered, and promised to deliver, pension benefits to plaintiffs within the State of Oregon. Such pension benefits are things of value as that term is sued [*sic*] in ORCP 4E(3). Defendants accepted contributions from employees in Oregon, including plaintiffs, for work performed in Oregon."

Plaintiffs produced no evidence to counter the affidavit of the plan administrator, who stated that the Plan never accepted employee contributions. Therefore, we confine our analysis to the plaintiffs' argument that ORCP 4E(3) extends jurisdiction to defendants because they promised to and did pay pension benefits in Oregon.

■ ORCP 4E(3) provides that Oregon courts have jurisdiction of a party in an action which

"arises out of a promise, made anywhere to the plaintiff * * * by the defendant to deliver * * * within this state * * * things of value * * *."

The Plan constitutes a promise to deliver retirement benefits to plaintiffs. Plaintiffs' cause of action arises out of allegations that that promise was not fully kept. The crucial issue is whether the promise was to deliver the benefits *within this state*. To frame the issue another way, the question is whether the contract for retirement benefits has a sufficient nexus with Oregon.

According to the affidavit of Thomas Tracy, representative of IPCA and IFLBA, IPCA and IFLBA were formed by the merger of farm credit entities located in several northwestern states, including all the production credit associations and federal land bank associations in Oregon. According to the Plan, IPCA and IFLBA are participating employers in the Plan. We conclude that, by accepting IPCA and IFLBA as participating employers, the Plan promised to pay retirement benefits to people who retired from Oregon Credit Associations. That promise is a sufficient basis to assert personal jurisdiction over the Plan administrator and the trustees in an action arising from an alleged breach of promises created or implied by the Plan document.[2]

■    Whether ORCP 4E(3) provides a basis for asserting jurisdiction over the participating employers is a separate issue. According to the Plan document, the participating employers have the duty to vote on cost-of-living increases. We infer from the Plan document that the voting will take place in Washington. The employers have not independently promised to deliver anything in Oregon. We conclude that the requirements of ORCP 4E(3) are not met as to those defendants.

Plaintiffs appear to argue that all defendants are subject to jurisdiction under ORCP 4A(4). Their argument is conclusory and, except as to IPCA and IFLBA, is without factual basis on this record. It does not require discussion. The affidavit of Tracy supports jurisdiction over IPCA,

---

[2] A similar result was reached in *Varsic v. U.S. Dist. Ct. for Cent. Dist., etc.*, 607 F2d 245, 250 (9th Cir 1979):

"The [Retirement] Fund purposefully placed itself in a fiduciary capacity and received contributions from the forum. The Fund, therefore, could surely have anticipated the very type of claims involved here."

Although the retirement plan in *Varsic* was subject to ERISA, the personal jurisdiction considerations are the same as in this case.

because IPCA merged with all Oregon production credit associations and over IFLBA, because IFLBA merged with all Oregon land banks.

Reversed and remanded as to Interstate Production Credit Association, Interstate Federal Land Bank Association, Joyce L. Johnson, Roger Calhoun, Will Merrill, Steve Hauschild, Roy Konen, and Dwight Osborne; otherwise affirmed.