Argued and submitted May 17, affirmed September 15, 1999, petition for review
denied January 18, 2000 (329 Or 589)

In the Matter of George M. Naylor, Jr.
Revocable Insurance Trust.

Angela R. DREHER, Ph.D.,
*Appellant,*

*v.*

James L SMITHSON and
Gerald B. O'Grady, III,
*Respondents.*

(P 980764; CA A103922)

986 P2d 721

Karen J. Buehler argued the cause for appellant. With her on the briefs was Buehler & Buehler.

Philip Jones argued the cause for respondents. With him on the brief were Peter J. Duffy and Duffy, Kekel, Jones & Bernard, LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiff, a resident of Oregon, brought this action to remove defendants as trustees of a Massachusetts trust under which plaintiff is a beneficiary. ORS 128.135. Alternatively, plaintiff petitioned the court to provide instructions directing the trustees to administer their responsibilities in a manner consistent with plaintiff's wishes. ORS 128.145. Plaintiff appeals from the trial court's judgment dismissing her claims based on lack of personal jurisdiction over defendants. ORCP 21 A. We affirm.

In 1964, plaintiff's father, George Naylor (the grantor), created a trust for the benefit of his spouse and children, including plaintiff. The grantor was an attorney and a resident of Massachusetts. Defendants, the current trustees, are the grantor's former law partners and are also Massachusetts residents. The trust agreement provides that the trust is "created under * * * to be governed by and * * * to be construed and administered according to the laws of the Commonwealth of Massachusetts." Throughout its existence, the trust has been administered within the state of Massachusetts and none of the trust assets is located in Oregon. However, defendants knew that plaintiff resided in Oregon when they accepted their appointments.

The trust estate currently consists of 12 separate shares, with two shares being held by defendants for each of the grantor's six children, including plaintiff. The trust provides that the net income from plaintiff's share shall be distributed to her unless withheld in the trustees' discretion. The trustees are authorized to distribute principal to plaintiff for specified purposes. In carrying out their duties toward plaintiff, defendants' sole contacts with Oregon have consisted of correspondence and telephone calls to and from plaintiff and her advisors and trust distribution checks that defendants mailed to plaintiff in Oregon.

Since 1992, defendants have declined some of plaintiff's requests for distributions of principal from the trust. Ultimately, the friction resulting from those decisions led plaintiff to file this action in Clackamas County Circuit Court

seeking, among other things, a judgment removing defendants as trustees of her share of the trust. In support of her petition, plaintiff relied on ORS 128.135,[1] Massachusetts law, and "general legal and equitable principles." The trial court granted defendants' motion to dismiss for lack of personal jurisdiction and this appeal ensued.

Plaintiff has the burden of alleging and proving facts sufficient to establish personal jurisdiction. *Boyer v. Interstate Production Credit Assn.*, 127 Or App 182, 186, 872 P2d 23 (1994). We construe pleadings and affidavits liberally to support jurisdiction. *Id.* Once the jurisdictional facts are established, we review the determination of personal jurisdiction for errors of law. *Boehm & Co. v. Environmental Concepts, Inc.*, 125 Or App 249, 252, 865 P2d 413 (1993). Plaintiff asserts that she established jurisdiction on several alternative grounds. We address each in turn.

Plaintiff first argues that jurisdiction exists under either ORCP 4 E(3) or ORCP 4 E(5), which provide that Oregon courts have jurisdiction over a party in an action that "[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver * * * within this state * * * things of value" or "[r]elates to * * * things of value actually received in this state by the plaintiff from the defendant * * * without regard to where delivery to carrier occurred." In applying ORCP 4 E(3) and (5), we first inquire whether those subdivisions apply to the facts of this case. *Boehm*, 125 Or App at 253. If either does, then we next inquire whether an exercise of jurisdiction over an out-of-state defendant comports with due process. *Id.*; *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 159, 854 P2d 461 (1993). A two-part analysis is required because, unlike some of the other subsections of ORCP 4, ORCP 4 E is not patterned after prior decisions

---

[1] ORS 128.135 provides, in part:

"(2) Any beneficiary of a trust * * * may petition the circuit court in any county where trust assets are located or where the trustee resides for the purpose of any of the following:

"* * * * *

"(b) * * * appointing a successor trustee or an additional trustee."

defining the constitutional limitations of personal jurisdiction. *Boehm*, 125 Or App at 252-53.

Plaintiff argues that by accepting their appointments as trustees, defendants "reached out to create a continuing relationship with and obligation to a citizen of the State of Oregon," so as to confer jurisdiction under ORCP 4 E. Our analysis of plaintiff's contention follows the steps described in *Pope* and *Boehm*. We first ask whether either ORCP 4 E(3) or (5) applies to the jurisdictional facts in this case.

Defendant contends that neither subsection applies on its face, because an agreement to pay money in Oregon is not an agreement to deliver a "thing of value," as the term is used in ORCP 4 E(3) and (5). Defendants argue that their conduct consisted only of the payment of money and related communications and, therefore, that jurisdiction cannot lie under either subsection. Plaintiff responds that we upheld jurisdiction based on ORCP 4 E(3) in both *Boyer* and *Boehm* and that the results in each of those cases depended on the payment of money in Oregon.

In *Boyer*, the majority of the plaintiffs were Oregon beneficiaries of a multi-employer retirement plan and trust. Among the defendants were the nonresident plan administrator and trustees. Two Oregon employers were included in the trust funding group. The beneficiaries sought damages and equitable relief from the defendants, alleging that they failed to provide appropriate cost-of-living increases in distributing trust funds. As in this case, to support jurisdiction the plaintiffs relied on a promise made by the defendants to third parties for the delivery of money benefits to the plaintiffs within Oregon. We upheld jurisdiction over the administrator and trustees under ORCP 4 E(3):

> "We conclude that, by accepting [the Oregon employers] as participating employers, the Plan promised to pay retirement benefits to people who retired from Oregon Credit Associations. That promise is a sufficient basis to assert personal jurisdiction over the Plan administrator and trustees in an action arising from an alleged breach of promises created or implied by the Plan document." 127 Or App at 187.

In *Boehm*, we held that ORCP 4 E(3) conferred jurisdiction over a foreign corporation that guaranteed a promissory note payable to an Oregon corporation. The defendant executed the guaranty in Florida and mailed it to the plaintiff in Oregon. In upholding jurisdiction, we concluded that the "payment and the guaranty were to be performed in Oregon" and that the plaintiff's reliance on the guaranty "caused substantial economic consequences in this state." 125 Or App at 253-54. Among those consequences were the surrender of stock in one corporation in exchange for promissory notes from another corporation.

Defendants' argument notwithstanding, *Boehm* and *Boyer* unquestionably treated the defendants' contractual obligations to pay or distribute money in Oregon as promises to deliver "things of value" within the meaning of ORCP 4 E(3). This case stands in a somewhat different factual posture from either *Boehm* or *Boyer* in that there is no evidence that defendants explicitly promised the grantor that they would deliver trust distributions within Oregon. However, such a commitment may be fairly inferred from defendants' knowledge that plaintiff resided in Oregon at the time each of them assumed his duties as trustee, including the obligations pertaining to distributions. Therefore, our decisions in those cases compel the conclusion that defendants' implied commitment to make trust distributions to plaintiff within Oregon brings this case, at least facially, within the scope of ORCP 4 E(3).[2]

■ Accordingly, we turn to the due process analysis. We first inquire whether the defendant has minimum contacts with Oregon, the forum state. If so, then we next determine whether the exercise of jurisdiction is reasonable in light of considerations of "fair play and substantial justice." *Pope*, 317 Or at 159 (quoting *Burger King Corp. v. Rudzewicz*, 471 US 462, 105 S Ct 2174, 85 L Ed 2d 528 (1985)). For the reasons that follow, our due process analysis in this case begins and ends with the first question.

---

[2] We need not determine whether plaintiff's claims are sufficient to invoke jurisdiction under ORCP 4 E(5) because, having concluded that ORCP 4 E(3) applies, at least facially, the due process analysis would be identical for both subsections.

■ ■ Plaintiff asserts that defendants have sufficient Oregon contacts to satisfy the demands of due process, because they accepted their fiduciary responsibilities as successor trustees with knowledge that plaintiff lived in Oregon. We are not persuaded by plaintiff's argument. A defendant's knowledge that an Oregon resident is involved in a transaction is not, standing alone, sufficient to establish the contact necessary to impose jurisdiction. *White v. Mac Air Corp.*, 147 Or App 714, 719, 938 P2d 241, *rev den* 326 Or 59 (1997). The minimum contacts that are a prerequisite to jurisdiction will be found *only* where the defendant has purposefully directed its activities at residents of the forum state. *Sutherland v. Brennan*, 321 Or 520, 529-30, 901 P2d 240 (1995). In that respect, the cases plaintiff relies on are materially distinguishable from the facts of this case.

Our conclusion in *Boyer*, for example, rested directly on the fact that the defendants purposefully placed themselves in a fiduciary capacity toward Oregon employees by accepting a contractual obligation to their *Oregon* employers. 127 Or App at 187. That is not the case here. Defendants' direct undertaking was given to the Massachusetts grantor. While plaintiff receives distributions in Oregon from nonresident fiduciaries, as did the Oregon employees in *Boyer*, that case did not hold that such payments were an independently sufficient nexus to establish jurisdiction under ORCP 4 E(3).

*Boehm* is also distinguishable. There, we followed a well-established line of authority in holding that the execution of a guaranty to an Oregon obligee caused important economic consequences within this state, namely, the obligee's reliance, including a significant change in its corporate structure. 125 Or App at 253-54. Here, defendants' undertaking produced no comparable change of position by plaintiff or anyone else within Oregon.

In contrast to *Boehm* and *Boyer*, the facts of this case more closely parallel those in *State ex rel Jones v. Crookham*, 296 Or 735, 681 P2d 103 (1984).[3] In *Jones*, an Idaho defendant made payments on a copier lease to the lessor's Oregon

---

[3] *Jones* was decided under ORCP 4 L, rather than ORCP 4 E. However, as explained below, the due process analysis under both subsections is identical.

office. The contract was solicited and executed in Idaho. In an action for breach of the lease, the court held that Oregon did not acquire personal jurisdiction because "the act of making monthly payments to an Oregon plaintiff is insufficient to require a non-resident to litigate a contract in Oregon." *Id..* at 742. Likewise, in this case, the payment of money by mail to an Oregon resident and related communications are the sum and substance of defendants' contacts with this state.

 Unlike *Boyer* and *Boehm,* this case does not present a typical commercial transaction under ORCP 4 E in which an out-of-state enterprise has purposefully targeted an Oregon market or resident. Defendants did not initiate or solicit a relationship with plaintiff or anyone else in Oregon. There is no evidence that defendants ever solicited or administered assets located in Oregon or received compensation originating from Oregon. In fact, plaintiff has presented no evidence that defendants purposefully sought out their trusteeships at all. The facts show only that they agreed with their late law partner to undertake the administration of a preexisting Massachusetts trust that happened to have a single Oregon beneficiary. Furthermore, defendants agreed with the grantor that their duties would be administered under Massachusetts law and not Oregon law.[4] In sum, apart from defendants' knowledge that plaintiff resided in Oregon, the remaining evidence supports the conclusion that defendants have not purposefully directed their activities toward Oregon residents and, therefore, that defendants' contacts are insufficient to establish jurisdiction.

The Supreme Court observed in *Jones* that:

> "The reasonableness of a state exercising jurisdiction over non-residents is a case-by-case question. It is a determination 'in which few answers will be "written in black and white. The greys are dominant and even among them, the shades are innumerable." *Estin v. Estin*, 334 US 541, 545, 68 S Ct 1213, 1216, 92 L Ed 1561 (1948).' " *Id.* at 740 (quoting *Kulko v. California Superior Court*, 436 US 84, 92, 98 S Ct 1690, 1697, 56 L Ed 2d 132 (1978)).

---

[4] While no single factor is controlling, a contractual choice of governing law is a significant factor in the minimum contacts analysis. *Sutherland,* 321 Or at 530.

This case offers its own palette of hues. However, for the foregoing reasons, we conclude that ORCP 4 E does not yield jurisdiction over defendants on these facts.

 Plaintiff next asserts that personal jurisdiction exists under ORCP 4 D(2). That argument fails because ORCP 4 D applies exclusively to actions for "injury to person or property * * *." This is not such an action.

Finally, plaintiff contends that jurisdiction lies against defendants under ORCP 4 L, which extends personal jurisdiction to the limits of due process. *Management Recruiters v. Harold Moore & Assoc.*, 118 Or App 614, 619, 848 P2d 644, *rev den* 317 Or 162 (1993). The analysis under ORCP 4 L is identical to the due process test applicable to the specific jurisdictional bases described in other subsections of ORCP 4, including ORCP 4 E(3) and (5). *See Biggs v. Robert Thomas, O.D., Inc.*, 133 Or App 621, 625 n 3, 893 P2d 54, *rev den* 321 Or 560 (1995) (ORCP 4L due process analysis is same as ORCP 4C analysis). Therefore, plaintiff's reliance on ORCP 4 L is misplaced for the reasons we have already explained.

Because Oregon's jurisdiction does not reach defendants on these facts, the trial court did not err in dismissing plaintiff's petition.

Affirmed.