606                    February 5, 2025                    No. 72

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jacqueline E. POTTER
and William Potter, fka James R. Potter,
*Petitioners-Respondents,*

*v.*

Brady R. BAXTER,
*Respondent-Appellant.*

Multnomah County Circuit Court
20PB05107; A178388

Patrick W. Henry, Judge.

Argued and submitted September 24, 2024.

Timothy R. Volpert argued the cause for appellant. Also on the briefs was Tim Volpert, P.C.

Zachariah H. Allen argued the cause for respondents. Also on the brief were Richardson Wang, LLP and Joshua L. Ross and Keller Rohrback, LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Reversed and remanded.

Egan, J., dissenting.

**JOYCE, J.**

Respondent (trustee) appeals from a judgment and money award, entered against him by default. On appeal, trustee raises four assignments of error. In his first assignment of error, trustee challenges the trial court's denial of his motion to dismiss for lack of jurisdiction. Trustee's remaining assignments of error relate to the trial court's decision to enter the default order and related judgment. We conclude that the courts of Oregon do not have personal jurisdiction over trustee and, consequently, that the trial court erred in denying trustee's motion to dismiss for lack of jurisdiction. That conclusion obviates the need to address the trustee's remaining assignments of error relating to the default judgment. We reverse.

When reviewing a trial court's decision on a motion to dismiss for lack of personal jurisdiction, we look to the facts as alleged in the pleadings, any relevant supporting affidavits, and other evidence submitted by the parties.[1] *Cox v. HP Inc.*, 368 Or 477, 497, 492 P3d 1245 (2021). The party seeking to invoke the trial court's jurisdiction, in this case the petitioners, "bears the burden of alleging and proving the facts necessary to establish jurisdiction." *Wallace v. Holden*, 297 Or App 824, 826, 445 P3d 914, *rev den*, 365 Or 557 (2019); *see Cerner Middle East Ltd. v. Belbadi Enterprises LLC*, 305 Or App 413, 420, 472 P3d 299, *rev den*, 367 Or 257 (2020) (explaining that "the party seeking to invoke the trial court's jurisdiction * * * had the burden to come forward with facts sufficient to establish jurisdiction"). In determining whether the petitioners have met that burden, we assume that the facts alleged in the petitioners' "complaint are true and construe any disputed facts consistently with the trial court's ruling." *Barrett v. Union Pacific Railroad Co.*, 361 Or 115, 117 n 1, 390 P3d 1031 (2017). "[W]here, as here, the trial court made no express findings, we assume that the court found facts consistent with its judgment," and we review

---

[1] ORCP 21 A(2)(b) provides that, when a party asserts any of the defenses enumerated in ORCP 21 A(1), including lack of personal jurisdiction, if "the facts constituting the asserted defenses do not appear on the face of the pleading and matters outside the pleading (including affidavits, declarations, and other evidence) are presented to the court," the court, after providing a reasonable opportunity for all parties to submit evidence, "may determine the existence or nonexistence of the facts supporting the asserted defenses."

the court's implicit factual findings to determine whether they are supported by "any competent evidence." *Sutherland v. Brennan*, 131 Or App 25, 28, 883 P2d 1318 (1994), *aff'd on other grounds*, 321 Or 520, 901 P2d 240 (1995) (internal quotation marks omitted). "Once the jurisdictional facts are established, we review the determination of personal jurisdiction for errors of law." *Kotera v. Daioh Int'l U.S.A. Corp.*, 179 Or App 253, 262, 40 P3d 506 (2002).

## I.   FACTS

Consistent with those standards of review, we present the facts based on the first amended complaint, declarations, and other evidence that the parties submitted. Jacqueline Potter and William (Liam) Potter filed a complaint in Oregon alleging breach of trust against trustee, a resident of Texas. The complaint alleged that their mother, Elizabeth Potter, a resident of California, created a trust in California in 2013, naming herself as the trustee. That trust designated the children as the beneficiaries and appointed trustee, a friend of Elizabeth, as the successor trustee.[2] According to the complaint, at the time that the trust was created, the assets of the trust included all of Elizabeth's "tangible and intangible personal property," which was located in California, as well as securities in a Charles Schwab & Co., Inc. account.

Under the terms of the trust, upon Elizabeth's death, trustee was to divide the assets of the trust into two separate trusts (one for each child's benefit), provide each of the children with the income that was generated by their respective trust, and distribute half of the assets of each child's trust when they reached the age of 35, and the remainder when they reached the age of 40. The trust stated that it was to be governed by the laws of California, "regardless of the domicile of any trustee or beneficiary."

Elizabeth died in April 2014, and trustee began administering the trust. At that time, the Charles Schwab & Co., Inc. account had a balance of nearly $5 million. Trustee

_____

[2] To avoid confusion, we refer to Elizabeth Potter, Jacqueline Potter, and Liam Potter by their first names. We refer to petitioners, Jacqueline and Liam, jointly as "the children."

assumed the trusteeship with the knowledge that the children were residents of Oregon.

Following her mother's death, Jacqueline moved her mother's personal property from her mother's home in California to a storage unit in Oregon. Although Jacqueline initially paid the cost of moving and storing the personal property, trustee used funds from the trust to reimburse her. Trustee also began paying the monthly storage unit fees using money from the trust.

Between 2015 and 2019, Jacqueline and trustee talked on the phone every three to six months. The amount of contact increased in 2019 because the children were hoping to use trust funds to purchase a home for Liam. Over the years, Jacqueline requested accountings, but trustee never provided one.

Trustee's alleged lack of transparency is ultimately what prompted the children to file this action claiming breach of trust against trustee. In their first amended complaint, the children alleged that trustee breached the trust by failing to provide accountings, distribute income, and invest and manage trust assets as a prudent investor would. The children sought relief including removal of trustee, an accounting, and surcharge.

Trustee moved to dismiss the case for lack of personal jurisdiction.[3] He argued that the court lacked general personal jurisdiction over him under ORCP 4 A because he was not in the state when served, is not domiciled in Oregon, and does not engage in substantial activities within the state. Trustee also argued that none of the bases set forth in ORCP 4 B to L that provide for specific personal jurisdiction applied on the facts of this case. Finally, he argued that he lacked minimum contacts with the state such that the assertion of personal jurisdiction over him was unconstitutional.

In response, the children argued that ORCP 4 E(3) provided the court with personal jurisdiction because the litigation arose out of a promise that trustee had made to deliver things of value (*i.e.*, trust distributions) to them in

---

[3] Trustee also challenged subject matter jurisdiction, but the trial court rejected that argument, and he has abandoned it on appeal.

Oregon. The children also argued that trustee had suffi-
cient minimum contacts with the state to make the exercise
of personal jurisdiction constitutionally permissible.

Before the trial court ruled on trustee's motion to
dismiss for lack of jurisdiction, the children issued a sub-
poena to Charles Schwab for the trust's financial account
statements. The statements showed that there was only
$114.79 remaining in the account.

After learning of the remaining balance, the chil-
dren filed supplemental briefing opposing trustee's motion
to dismiss, asserting that, "[w]ith the discovery of this infor-
mation, the legal context of this case has shifted dramati-
cally from trust administration to one of conversion, fraud,
and misrepresentation." However, the children did not (at
that time) file or move to file an amended complaint to add
those claims to the action. In the supplemental briefing,
the children also asserted additional bases on which the
trial court should find that it had personal jurisdiction over
trustee. More specifically, the children argued that, in addi-
tion to ORCP 4 E, the court also had jurisdiction pursuant
to ORCP 4 C, D, and L. Relying on ORCP 4 C, the children
argued that the court had jurisdiction because they were
injured when trustee made assurances over the telephone
that caused them not to seek interim judicial remedies that
might have preserved or protected their inheritance. With
respect to ORCP 4 D, the children argued that jurisdic-
tion was proper because their claims arose from economic
injuries "connected with an out-of-state act or omission by
[trustee] and [that was] associated with solicitation and
'service activities'" that trustee had engaged in within the
state. Finally, the children contended that ORCP 4 L pro-
vided the court with jurisdiction because "the prosecution of
this action against [trustee was] not inconsistent with the
[c]onstitution of this state or the [c]onstitution of the United
States."

After a hearing, the court ruled that it had per-
sonal jurisdiction over trustee pursuant to ORCP 4 C, D,
E, and L and denied trustee's motion to dismiss. In ruling
that the court had jurisdiction, the court stated that it was
"adopt[ing] the reasoning and arguments [from the children]

in [their] submissions to the [c]ourt." The trial court entered an order denying trustee's motion to dismiss.

## II.   ANALYSIS

On appeal, trustee argues that the trial court erred in denying his motion to dismiss for lack of jurisdiction because ORCP 4 C, D, E, and L did not provide the court with personal jurisdiction. We agree and address each basis for personal jurisdiction separately.

### A.   *Personal Jurisdiction Under ORCP 4 C*

We begin with trustee's argument that the trial court erred in determining that there is jurisdiction under ORCP 4 C. That provision supplies Oregon courts with jurisdiction over a party "[i]n any action claiming *injury to person or property* within or without this state arising out of an act or omission within this state by the [respondent]." ORCP 4 C (emphasis added). By the rule's own words and as we have previously explained, "ORCP 4 C applies only to claims for personal injury or injury to property." *Portland Trailer & Equipment v. A-1 Freeman Moving*, 166 Or App 651, 655, 5 P3d 604, *adh'd to as modified on recons*, 168 Or App 654, 4 P3d 741 (2000). Here, the children's first amended complaint does not allege damages for personal injury or injury to property. Instead, it seeks damages for economic loss of their inheritance caused by trustee's alleged breach of trust. Because the children have not alleged the type of injury that ORCP 4 C requires, we conclude that the trial court erred in determining that jurisdiction was proper under that provision.

### B.   *Personal Jurisdiction Under ORCP 4 D*

Next, we consider trustee's argument that the trial court erred in finding that it had jurisdiction under ORCP 4 D. That rule provides, in relevant part, that Oregon courts have personal jurisdiction over a party:

"In any action *claiming injury to person or property* within this state arising out of an act or omission outside this state by the [respondent], provided in addition that at the time of the injury * * *

"D(1)   Solicitation or service activities were carried on within this state by or on behalf of the [respondent]."

"ORCP 4 D, like subsection 4 C, requires either a claim for injury to person or property." *Portland Trailer & Equipment*, 166 Or App at 656. Because the children have not pleaded either type of injury, ORCP 4 D is also inapplicable to the facts of this case.

C.   *Personal Jurisdiction Under ORCP 4 E*

We now turn to the issue of whether the trial court erred in concluding that ORCP 4 E provided personal jurisdiction over trustee. ORCP 4 E(1) and (3) state in relevant part that Oregon courts have jurisdiction over a party in an action that arises out of "a promise, made anywhere to the [petitioner] or to some third party for the [petitioner's] benefit, by the [respondent] to perform services within this state" or "to deliver *** within this state *** things of value." Thus, determining whether ORCP 4 E(1) and (3) apply to the facts of this case require us to examine whether the action arises out of a promise that trustee made to either (1) perform services within this state or (2) deliver things of value within this state for the benefit of the children. If so, we consider whether an exercise of jurisdiction over an out-of-state respondent comports with due process. *Dreher v. Smithson*, 162 Or App 645, 648, 986 P2d 721 (1999), *rev den*, 329 Or 589 (2000).

In arguing that ORCP 4 E(1) and (3) apply to the facts of this case, the children rely on *Dreher*. There the plaintiff was an Oregon resident and the beneficiary of a trust that had been created in Massachusetts. *Id.* at 647. The defendants were trustees who all accepted their appointments with an awareness that the plaintiff was a resident of Oregon. *Id.* The defendants administered the trust in Massachusetts, and their sole contacts with Oregon were "correspondence and telephone calls to and from plaintiff and her advisors and trust distribution checks that defendants mailed to plaintiff in Oregon." *Id.* Because the defendants had knowledge that the plaintiff resided in Oregon at the time that they each assumed their duties as trustee (including the obligation to make trust distribution payments), we concluded that the record allowed a finding that the defendants had made an implicit promise to the grantor to deliver "things of value" within Oregon, and that

was sufficient to bring the case, "at least facially, within the scope of ORCP 4 E(3)." *Id.* at 650. However, after considering whether the exercise of jurisdiction would comport with due process, we ultimately concluded that the defendants' contacts were insufficient to establish jurisdiction because the defendants had not purposefully directed their activities toward Oregon residents. *Id.* at 652-53.

Based on *Dreher*, the children contend that, because the record here also contains evidence that trustee assumed the trusteeship with knowledge that the children were residents of Oregon, the trial court could similarly infer that trustee made an implied promise to make trust distributions (*i.e.*, deliver things of value) to the children in Oregon so as to bring this case facially within the scope of ORCP 4 E(3). We agree. Jacqueline alleged in her first declaration that she and her brother were residents of Oregon and that trustee "assumed the trusteeship with this knowledge." Under the applicable standard of review, we "construe any disputed facts consistently with the trial court's ruling," and, where the trial court made no express findings, we assume that it found facts consistent with its judgment, provided that those assumed facts are supported by any competent evidence in the record. *Barrett*, 361 Or at 117 n 1; *Sutherland*, 131 Or App at 28.

Here, although the trial court made no express factual finding as to whether trustee began administering the trust with knowledge that the children were Oregon residents, that factual finding is consistent with its ultimate conclusion that it had jurisdiction pursuant to ORCP 4 E and is supported by evidence in the record. Thus, we assume that the trial court found that trustee had knowledge that the children were Oregon residents at the time that he assumed the trustee position. As explained in *Dreher*, that finding is sufficient to allow the inference that trustee promised to deliver "things of value" to the children in Oregon so as to bring this case facially within the scope of ORCP 4 E(3). To be sure, as in *Dreher*, there is no evidence that trustee "explicitly promised" that he would deliver trust distributions within Oregon, but again as in *Dreher*, "such a commitment may be fairly inferred from [trustee's] knowledge

that [the children] resided in Oregon at the time" that he assumed his duties as trustee. 162 Or App at 650. Because this record allows us to infer that trustee made an implicit promise to Elizabeth to deliver "things of value" within Oregon, that is sufficient to bring this case facially within the scope of ORCP 4 E(3).

Accordingly, we turn to the due process analysis. The exercise of jurisdiction over a nonresident is proper under the Due Process Clause of the Fourteenth Amendment to the United States Constitution if the respondent has "minimum contacts" with the forum state and the assertion of jurisdiction comports with notions of "fair play and substantial justice." *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 159-60, 854 P2d 461 (1993). Minimum contacts exist where the nonresident respondent has "'purposefully directed'" activities at Oregon residents and where the litigation "'arises out of or relates to'" that contact. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 105 S Ct 2174, 85 L Ed 2d 528 (1985)).

The children argue that trustee has sufficient Oregon contacts to satisfy the demands of due process because he "intentionally targeted Oregon and its residents with tortious conduct causing in-state harm." We are not persuaded by the children's argument. To begin, the alleged tortious conduct that the children rely on does not fall within the scope of the claims articulated in their first amended complaint. Although the children ultimately filed a second amended complaint that asserted claims including intentional interference with prospective inheritance, conversion, and fraud, the operative complaint at the time that the trial court ruled on the motion to dismiss only contained claims for breach of trust based on trustee's alleged failure to provide accountings, distribute income, and manage trust assets as a prudent investor would. Because specific personal jurisdiction is claim-specific, the particular claims at issue guide our inquiry into whether the respondent has minimum contacts with the State of Oregon. *See McFadin v. Gerber*, 587 F3d 753, 759 (5th Cir 2009), *cert den*, 562 US 827 (2010) ("[S]pecific personal jurisdiction is a claim-specific inquiry: A plaintiff bringing multiple claims that arise

out of different forum contacts of the defendant must establish specific jurisdiction for each claim." (Internal quotation marks omitted.)). Where, as here, the claims at issue are for breach of trust, the contacts that are relevant for purposes of establishing minimum contacts include those that relate to the formation of the trust and the subsequent alleged breach. *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F3d 485, 489 (5th Cir 2018) (explaining that "[b]ecause specific personal jurisdiction is a claim-specific inquiry, only those acts which relate to the formation of the contract and the subsequent breach are relevant" (internal quotation marks and citation omitted)).

We turn to trustee's contacts with Oregon that relate to the formation of the trust and the alleged breach. To begin, none of the facts related to the formation of the trust establish any contact between trustee and the State of Oregon. The trust was created in the State of California by a resident of that state, and the terms of the trust stated that it was to be governed by the laws of California, "regardless of the domicile of any trustee or beneficiary." At the time that the trust was created, trustee was, and has remained, a resident of Texas. Although the record reflects that trustee accepted the trusteeship with knowledge that the children lived in Oregon, a respondent's "knowledge that an Oregon resident is involved in a transaction is not, standing alone, sufficient to establish the contact necessary to impose jurisdiction." *Dreher*, 162 Or App at 651.

The facts related to the alleged breach also do not establish that trustee has the requisite minimum contacts with Oregon. The record shows that trustee administered the trust exclusively from Texas and, thus, that is where the alleged breaches of trust occurred. Although trustee sent money from the trust to Oregon and had phone calls with the children about the trust, we have repeatedly held that those acts are insufficient to establish the kind of purposeful direction that is necessary to satisfy the minimum contacts requirement. *See Dreher*, 162 Or App at 651 (finding minimum contacts were not established where "the payment of money by mail to an Oregon resident and related communications [were] the sum and substance of defendants' contacts");

*see also State ex rel Jones v. Crookham*, 296 Or 735, 742, 681 P2d 103 (1984) ("[T]he act of making monthly payments to an Oregon plaintiff is insufficient to require a non-resident to litigate a contract action in Oregon."). To the extent that the children contend that the phone calls delayed their recognition of trustee's breaches of trust, we note that, as to that theory, our case law requires detailed allegations of the particular guarantees that caused the harmed individual's reasonable reliance. *See Boehm & Co. v. Environmental Concepts Inc.*, 125 Or App 249, 254, 865 P2d 413 (1993) (discussing the particular promise at issue that played an "integral part" in causing significant economic consequences and explaining that "reliance on a guaranty is a critical factor in determining the reasonableness of asserting personal jurisdiction over a nonresident"). Unlike in *Dreher*, here all of the beneficiaries are residents of Oregon; however, that fact alone does not compel a different outcome. *See Walden v. Fiore*, 571 US 277, 290, 134 S Ct 1115, 188 L Ed 2d 12 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

The children contend that the fact that trustee administered assets of the trust that were physically located in Oregon (*i.e.*, Elizabeth's personal property that was being held in storage) distinguishes this case from *Dreher* and is sufficient to establish minimum contacts. We do not agree. To establish minimum contacts with the State of Oregon "the [petitioner's] claims must arise out of or relate to the [respondent's] contacts with the forum state." *Cox*, 368 Or at 496 (internal quotation marks omitted). In other words, "the nature and quality of the [respondent's] Oregon activities must permit a determination that it was reasonably foreseeable that the [respondent] would be sued in Oregon for the type of claim at issue." *Id.* (internal quotation marks omitted). Here, however, the claims against trustee for breach of trust relate to his alleged handling of the trust's financial assets, rather than the physical assets located in Oregon. Consequently, the presence of physical assets in this state does not establish the necessary connection between trustee's conduct and Oregon to support the exercise of jurisdiction over trustee.

Like in *Dreher*, "this case does not present a typical commercial transaction under ORCP 4 E in which an out-of-state enterprise has purposefully targeted an Oregon market or resident," and there is no evidence that trustee purposefully sought out the trusteeship. 162 Or App at 652. Rather, the record shows only that he agreed with his friend, Elizabeth, to take over the administration of a preexisting California trust that happened to have two Oregon beneficiaries. In sum, the facts as they pertain to the claims alleged in the children's first amended complaint support the conclusion that trustee did not purposefully direct his activities toward Oregon residents. Consequently, trustee's contacts are insufficient to establish personal jurisdiction under ORCP 4 E.

D.  *Personal Jurisdiction Under ORCP 4 L*

Finally, trustee contends that the trial court erred in concluding that there is jurisdiction under ORCP 4 L, which extends personal jurisdiction to the limits of due process. The analysis under ORCP 4 L is the same due process test that applies to the specific jurisdictional bases described in other subsections of ORCP 4, including ORCP 4 E. Therefore, for the reasons we have already explained, ORCP 4 L does not provide Oregon with personal jurisdiction over trustee.

### III.   CONCLUSION

In sum, the claims as alleged in the children's first amended complaint failed to establish jurisdiction over trustee. Thus, the trial court erred in denying trustee's motion to dismiss for lack of jurisdiction.[4] Because the court did not have the opportunity under ORCP 21 A(2)(c) to determine whether to dismiss with or without prejudice, we reverse and remand for further proceedings.

Reversed and remanded.

**EGAN, J.,** dissenting.

In this case concerning personal jurisdiction, it is undisputed that respondent accepted the trusteeship at the time of the death of petitioners' mother knowing that both

---

[4]  We do not express any opinion as to whether the second amended complaint gave rise to personal jurisdiction.

of the beneficiaries lived in Oregon. The question at hand is whether or not respondent had "substantial and not isolated" contacts with Oregon. In my view, respondent had those substantial contacts.

Oregon's long-arm statute, ORCP 4, outlines five general bases for establishing personal jurisdiction under ORCP 4 A and more detailed bases for personal jurisdiction under ORCP 4 B through K, and then announces "a catchall provision under ORCP 4 L that confers jurisdiction to the extent permitted by due process." *Robinson v. Harley-Davidson Motor Co.*, 354 Or 572, 576-77, 316 P3d 287 (2013) (citing *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 154-56, 854 P2d 461 (1993)). The catchall provision of ORCP 4 L makes it clear that sections 4 B to K are not all inclusive; rather, they are simply illustrations of personal jurisdiction. We ultimately look for due process and, if jurisdiction is fair, it is permissible. *Siskiyou Properties, LLC v. Bennett Holdings, LC*, 13 Fed Appx 553, 555 (9th Cir. 2001); *see Hayden v. Shin-Etsu Handotai America, Inc.*, 80 F Supp 2d 1119, 1120-21 (D Or 1999) ("Oregon's jurisdictional statute confers personal jurisdiction coextensive with due process. *** As a result, this court need only analyze whether exercising jurisdiction comports with due process.").

The hurdle for meeting due process requirements is low. In *International Shoe Co. v. Washington*, the Court held that a state court's assertion of personal jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment to the United States Constitution if it does not violate "'traditional notions of fair play and substantial justice.'" 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945) (quoting *Milliken v. Meyer*, 311 US 457, 463, 61 S Ct 339, 85 L Ed 278 (1940)); *see also Insurance Corp. v. Compagnie des Bauxites*, 456 US 694, 703, 102 S Ct 2099, 72 L Ed 2d 492 (1982) (holding that personal jurisdiction over a defendant satisfies due process if it aligns with traditional notions of fair play and substantial justice). Even when the cause of action occurs outside of the forum state, "due process is not offended" when a state subjects a defendant "to its in personam jurisdiction when there are sufficient contacts between the State and the [defendant]." *Helicopteros Nacionales de Colombia, S. A. v.*

*Hall*, 466 US 408, 414, 104 S Ct 1868, 80 L Ed 2d 404 (1984). Due process can be satisfied even when a defendant has essentially zero contacts with the forum, so long as service of process is accomplished while he is transiting through the forum. *Burnham v. Superior Court of Cal.*, 495 US 604, 619, 110 S Ct 2105, 109 L Ed 2d 631 (1990).

As the Oregon Supreme Court has made clear, the exercise of jurisdiction over a nonresident defendant is consistent with due process if the defendant has minimum contacts with the forum state and the assertion of jurisdiction would comport with notions of fair play and substantial justice. *Circus Circus*, 317 Or at 159-60. Minimum contacts exist when "the defendant has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities." *Id*. at 159 (quoting *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 105 S Ct 2174, 85 L Ed 2d 528 (1985)) (emphasis in original).

The Ninth Circuit set out three narrow questions in order to test whether or not the necessary contact comports with traditional notions of fair play and substantial justice: First, did the defendant do "some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[?]" *Gray & Co. v. Firstenberg Machinery Co. Inc.*, 913 F2d 758, 760 (9th Cir 1990) (citing *Shute v. Carnival Cruise Lines*, 897 F2d 377, 381 (9th Cir 1990)). Second, did the claim "arise out of the defendant's forum-related activities[?]" *Id*. Third, is "the exercise of jurisdiction [on the facts of the case] reasonable[?]" *Id*. From my perspective, the answers to those three questions support jurisdiction in this case.

First, respondent accepted the responsibility for administering a trust in which all of the beneficiaries lived in Oregon. During the course of administering that trust, respondent strung those beneficiaries along for six years maintaining constant contact with decedent's children. Respondent repeatedly coordinated and arranged for trust property to be moved to and administered *in Oregon*. Those contacts included the transportation of trust property from California to Oregon that included furniture, antiques,

valuable art, and jewelry. Respondent used funds from the trust to pay for the storage of trust property in Oregon and reimbursed one of the beneficiaries of the trust for her own costs and monthly payments to storage facilities in Oregon. Thus, respondent did several "act[s] by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum[.]" *Id*.

Second, the claim arose, at least in part, out of respondent's activities in Oregon. It is important to note here that petitioners claimed that respondent dissipated millions of dollars of the trust assets for his own personal use and that respondent made minimal distributions of those substantial assets to the beneficiaries during the six years preceding their lawsuit. The beneficiaries' claim arose, in part, because respondent strung the beneficiaries along by paying for the administration of trust property that was transported to Oregon and that respondent administered in Oregon when he paid for that transportation and storage. Thus, the claim arose, in part, because of respondent's activities in Oregon.

Finally, the exercise of jurisdiction in Oregon is reasonable because respondent should have understood that moving property to Oregon, administering that property in Oregon, and stringing beneficiaries along by sending rent payments to Oregon placed him on "fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign." *Burger King*, 471 US at 472 (internal quotation marks and citation omitted). Based on that "fair warning," the exercise of jurisdiction on the facts of this case is reasonable.

Therefore, I would conclude that respondent's contacts with Oregon are sufficient to satisfy due process.

I respectfully dissent.