392 June 18, 2025 No. 555

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Adam Corey WILLIAMS,
*Plaintiff-Appellant,*

*v.*

CITY OF SALEM,
*Defendant-Respondent.*

Marion County Circuit Court
22CV09486; A179588

Audrey J. Broyles, Judge.

Argued and submitted March 4, 2024.

Carl Post argued the cause for appellant. Also on the briefs was John Burgess.

Thomas M. Christ argued the cause for respondent. Also on the brief was Sussman Shank LLP.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a trial court's judgment of dismissal of his tort claims against the City of Salem. The trial court dismissed the case on two grounds: that the court lacked subject matter jurisdiction over the tort claims because plaintiff did not allege or prove that he provided timely notice of the claims to defendant, as required by the Oregon Tort Claims Act (OTCA), and that plaintiff's claims were precluded by pending federal court litigation. We conclude that the trial court did not err in dismissing the case for lack of subject matter jurisdiction and thus do not address plaintiff's other arguments. Accordingly, we affirm.

After a federal district court dismissed plaintiff's federal action containing federal constitutional and state tort claims against a police officer from the City of Salem, and after appealing that judgment to the Ninth Circuit, plaintiff initiated a state court action.[1] The state action alleged that the officer committed certain torts during a traffic stop of plaintiff that occurred on or about January 17, 2017. The trial court substituted the City of Salem for the individual officer as the named defendant in the case in accordance with ORS 30.265(3).[2]

Defendant then moved to dismiss the tort claims. As relevant here, defendant asserted that the state court lacked subject matter jurisdiction under ORCP 21 A(1)(a) because plaintiff failed to allege and prove that he provided timely notice of the claims under the OTCA. In opposing the motion to dismiss, plaintiff submitted a declaration in which he claimed to have provided actual and formal notice of the tort claim through online, telephonic, and written communications with the city prior to the expiration of the statute of limitations. *See* ORS 30.275(2)(b), (3) - (6) (defining actual and formal notice and providing procedures to

---

[1] The federal court dismissed the federal claims, declined to exercise supplemental jurisdiction over the state claims, and "remanded" the case to state court. That remand was mistaken, however, because the case did not originate in state court; it originated in federal court.

[2] ORS 30.265(3) provides that, in a case like plaintiff's, "the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification * * * is against the public body."

satisfy such notice). In reply, defendant submitted declarations from city employees who disputed the availability of online tort claim submissions at the time plaintiff claimed to have made one and disputed that the city had received any tort claim notice from plaintiff before a July 27, 2017, letter, which was untimely for notice under the OTCA. The trial court dismissed the case, concluding that it lacked subject matter jurisdiction. This appeal followed.

On appeal, plaintiff argues that the trial court erred in declining to treat defendant's motion to dismiss as one for summary judgment because, in his view, his declaration regarding timely notice created a question of fact for a jury to resolve. He further argues that, viewing the case through summary judgment standards, he provided sufficient evidence from which a jury could conclude that he gave timely notice.

We first conclude that the trial court did not err in declining to treat the motion to dismiss as one for summary judgment. "When a defendant asserts that a plaintiff's claims are subject to the OTCA and that the plaintiff failed to give timely notice, it raises a question of subject matter jurisdiction." *Kutz v. Lee*, 291 Or App 470, 480, 422 P3d 362 (2018); *Urban Renewal Agency v. Lackey*, 275 Or 35, 40 n 4, 549 P2d 657 (1976) (citing additional cases). That jurisdictional question is properly addressed under ORCP 21 A(1)(c), which provides for dismissal when the court lacks subject matter jurisdiction. *Kutz*, 291 Or App at 480 (addressing *former* ORCP 21 A(1), the predecessor to ORCP 21 A(1)(c)).

ORCP 21 A(2)(b) expressly allows the trial court to consider evidence beyond the pleadings to determine the existence or nonexistence of subject matter jurisdiction. *See* ORCP 21 A(2)(b) ("If, on a motion to dismiss asserting the defenses enumerated in paragraph A(1)(a) through paragraph A(1)(g), the facts constituting the defenses do not appear on the face of the pleading *** all parties will be given a reasonable opportunity to present affidavits, declarations, and other evidence, and the court may determine the existence or nonexistence of facts supporting the asserted defenses[.]"); *Munson v. Valley Energy Investment Fund, U.S.*, 264 Or App 679, 695, 333 P3d 1102 (2014)

(holding that "when considering a motion to dismiss for lack of subject matter jurisdiction, the trial court may decide disputed jurisdictional facts based on evidence submitted by the parties."); *see also Potter v. Baxter*, 337 Or App 606, 607 n 1, 565 P3d 64 (2025) (so noting in the context of personal jurisdiction). Thus, defendant's motion to dismiss in this case was not converted to one for summary judgment simply because defendant disputed timely notice by submitting declarations.

Because we conclude that the trial court did not have to convert the motion to dismiss into one for summary judgment, we review the trial court's jurisdictional determination for legal error. *Citizens Savings and Loan v. McDonald*, 191 Or App 45, 50, 80 P3d 532 (2003) ("Whether a court has subject matter jurisdiction is a question of law."). And where, as here, the trial court made limited express findings, we assume that the trial court found additional relevant facts consistent with its judgment. *Management Recruiters v. Harold Moore & Assoc.*, 118 Or App 614, 616, 848 P2d 644, *rev den*, 317 Or 162 (1993).

As noted, plaintiff did not plead in his complaint that he provided timely notice of the tort claim to the city. The omission of timely notice in plaintiff's complaint deprived the trial court of subject matter jurisdiction. A plaintiff seeking to recover under the OTCA must allege in the complaint that they complied with the requirement to provide notice of the forthcoming tort claim within 180 days of the alleged injury. ORS 30.275(2)(b), (7); *Urban Renewal Agency*, 275 Or at 40-41 ("The pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 is a mandatory requirement and a condition precedent to recovery under the [OTCA]."). Because plaintiff's complaint did not include that essential jurisdictional element, the trial court did not err in granting defendant's motion to dismiss.

That brings us to plaintiff's argument that the trial court erred when it denied his motion for leave to amend the complaint to include that jurisdictional allegation. We review a trial court's denial of leave to amend a complaint for an abuse of discretion. *Laxer v. City of Portland*, 339 Or App 100, 104, 567 P3d 491 (2025). Based on the record before

the trial court, we conclude that the trial court did not abuse its discretion in denying that leave because any amendment to the complaint would have been futile. A trial court is not required to grant leave to amend when that amendment would be futile, and it is not an abuse of discretion to deny leave to amend in those circumstances. *See Eklof v. Persson*, 369 Or 531, 543-44, 508 P3d 468 (2022).

Here, there was a dispute over whether plaintiff provided both actual and formal notice in a timely fashion, and thus whether plaintiff could cure the jurisdictional flaw with an amended complaint. Plaintiff's only evidence that he had provided timely notice consisted of his statements contained in a letter and his sworn declaration. After considering all the evidence as well as the parties' written pleadings and arguments, the trial court determined it lacked jurisdiction and that there was not a basis to permit an amended complaint. To reach that conclusion, the trial court necessarily had to determine that plaintiff was not credible when he claimed to have given timely notice. With that adverse credibility determination, the trial court did not abuse its discretion in denying plaintiff leave to amend.[3]

Because the trial court's jurisdictional basis is sufficient to sustain the trial court's judgment, we do not address plaintiff's other arguments on appeal. *See Allianz Global Risks v. ACE Property & Casualty, Ins. Co.*, 297 Or App 434, 439, 442 P3d 212 (2019), *rev'd on other grounds*, 367 Or 711 (2021) (recognizing that affirmance on one basis is sufficient to sustain the trial court's judgment).

Affirmed.

---

[3] We observe that even though the trial court did not allow plaintiff leave to amend the complaint, it did dismiss the case without prejudice, which allowed plaintiff an opportunity to refile.